871 A.2d 792

**In re the BARNES FOUNDATION**

**Jay Raymond**

**Appeal of the Barnes Foundation.**

**In re the Barnes Foundation**

**Jay Raymond**

**Petition of Thomas W. Corbett, Jr., Attorney General.**

Supreme Court of Pennsylvania.

Submitted March 28, 2005.

Decided April 27, 2005.

John G. Knorr, Mark A. Pacella, Lawrence Barth, Harrisburg, for the Com. of PA., petitioner.

Howard Jonathan Bashman, Fort Washington, for Jay Raymond, respondent.

Bruce Philip Merenstein, Arin M. Adams, Ralph G. Wellington, Carl A. Solano, Philadelphia, for Barnes Foundation, respondent.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

**OPINION**

Justice SAYLOR.

This Court granted applications seeking an exercise of its extraordinary jurisdiction relative to an appeal challenging orphans' court approval of the restructuring of a charitable institution known as the Barnes Foundation. The dispositive legal issue centers on the timeliness of the appeal.

The Barnes Foundation is a Pennsylvania non-profit corporation charged with implementation of a charitable trust focused on the advancement of art education and appreciation, and is presently located in Lower Merion Township, Pennsylvania. The Foundation recently obtained orphans' court approval to amend its charter and bylaws, as well as the trust indenture, most prominently to accomplish an expansion of the Foundation's Board of Trustees from five to fifteen members and to authorize the relocation of its art gallery to Philadelphia. The decision of the orphans' court reflects that the restructuring is necessary in light of a financial crisis experienced by the Foundation and is a prerequisite to the realization of essential financial assistance from other philanthropic institutions and organizations (asserted to be in excess of $100 million), as well as to the contribution by the City of Philadelphia of land to support the construction of the new gallery. The Office of Attorney General participated in the proceedings as *parens patriae*, and a group of students enrolled in Foundation programs sought and obtained leave to participate as *amici curiae*, but without the right to appeal.

On October 10, 2002, Jay Raymond and two other students enrolled in Foundation programs had sought to intervene in the orphans' court proceedings; however, intervention was denied by order dated February 12, 2003. Mr. Raymond did not seek to appeal the denial of intervention and did not otherwise participate in the orphans' court proceedings. He nevertheless lodged an appeal relative to the orphans' court's final decree dated December 13, 2004 (as modified by a December 22, 2004, supplement), approving the structural

changes to the Foundation. No actual party to the orphans' court proceedings sought to appeal, however.

In the Superior Court, the Foundation moved to dismiss Mr. Raymond's appeal, *inter alia*, for want of jurisdiction, on the ground that, as a non-party, Mr. Raymond had no standing to appeal. Furthermore, according to the Foundation, any asserted right to appeal the denial of intervention expired thirty days after the entry of that order. *See* Pa.R.A.P. 903 (Time for Appeal). The Superior Court, however, denied the Foundation's motion on March 8, 2005, with the proviso that such denial was without prejudice to the Foundation's ability to pursue the appealability issue in connection with consideration of the merits of the appeal. The Foundation and the Office of the Attorney General sought an exercise by this Court of its extraordinary jurisdiction on the basis that, in light of the Foundation's unique and salutary charitable mission, timely redress of its precarious financial situation, as recognized by the orphans' court, is a matter of substantial public importance. Mr. Raymond agreed to the exercise of extraordinary jurisdiction, but advocated limiting its reach to the merits of the controversy. This Court elected to exercise jurisdiction over the entire controversy under Section 726 of the Judicial Code, 42 Pa.C.S. § 726, and deferred further briefing pending a review of the record lodged in the Superior Court. Exercising plenary review under Section 726, we now find that the appeal can be resolved on the existing record.

■■ As the Foundation and the Attorney General argue, the general rule is that only parties may appeal a decision. *See* Pa.R.A.P. 501 (authorizing appeals by "any *party* who is aggrieved by an appealable order" (emphasis added)); *accord* G. RONALD DARLINGTON, KEVIN J. McKEON, DANIEL R. SCHUCKERS & KRISTEN W. BROWN, PENNSYLVANIA APPELLATE PRACTICE 2D § 501:5 (2d ed. 1998 & Supp. Nov. 2004) ("Rule 501 specifically requires an appellant to have party status or to be a fiduciary of an estate or trust in order to appeal." (footnote omitted)). Since Mr. Raymond was unsuccessful in his effort to intervene in the orphans' court proceedings, he had no greater rights than would be available to any other non-party, and therefore,

Mr. Raymond lacked the ability to implicate the appellate process with respect to the court's final decree.

Pennsylvania law does allow for an appeal as of right from an order denying intervention in circumstances that meet the requirements of the collateral order doctrine as embodied in Pennsylvania Rule of Appellate Procedure 313. *See* Pa.R.A.P. 341 (note) (identifying an order denying the right to intervene as a type of order that is not appealable as a final order but which may fall under Rule 313 (Collateral Orders) or 312 (Interlocutory Appeals by Permission)); *see, e.g., Township of Radnor v. Radnor Recreational, LLC,* 859 A.2d 1, 4 (Pa. Cmwlth.2004); *Haggar v. Carbon County Tax Claim Bureau,* 839 A.2d 448, 450–51 (Pa.Cmwlth.2003); *Nemirovsky v. Nemirovsky,* 776 A.2d 988, 991 (Pa.Super.2001). Of dispositive significance for purposes of this appeal, however, a common pleas court's order denying intervention is one type of order which must be appealed within thirty days of its entry under Rule of Appellate Procedure 903, or not at all, precisely because the failure to attain intervenor status forecloses a later appeal. *See In re Rowan,* 763 A.2d 958, 961 (Pa.Cmwlth. 2000) (quashing an appeal on the merits from a final order lodged by a company that had sought but failed to obtain intervenor status); *accord* G. RONALD DARLINGTON, *ET AL.,* PENNSYLVANIA APPELLATE PRACTICE 2D § 501:7 ("The failure to attain intervenor status obviates the ability to file an appeal."). This approach is consistent with that of the federal courts, *see, e.g., Credit Francais Intern., S.A. v. Bio–Vita, Ltd.,* 78 F.3d 698, 703 (1st Cir.1996) ("An order denying a motion to intervene as of right is *immediately* appealable . . . [;] [t]he appeal cannot be kept in reserve; it must be taken within thirty days of the entry of the order, or not at all." (emphasis in original)); *B.H. by Pierce v. Murphy,* 984 F.2d 196, 199 (7th Cir.1993) (same), and the underlying reasoning is reflected in the following commentary:

It is desirable to insist that timely appeal be taken from the denial, rather than permitting appeal from the denial upon entry of a final judgment disposing of the claims among the parties. To permit appeal after the final judgment would

risk interference with trial court proceedings taken after the denial of intervention, a prospect far costlier than insisting that the applicant appeal the denial without waiting to see whether the outcome of the proceedings leaves intervention still desirable.

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, 15A FED. PRAC. & PROC. JURIS.2D § 3902.1 (2005).

We hold that Mr. Raymond's failure to attain intervenor status before the orphans' court foreclosed his ability to file a cognizable appeal relative to the court's final decree.

The appeal docketed in the Superior Court at No. 112 EDA 2005 is quashed, and jurisdiction is relinquished.