**FAYETTE COUNTY OFFICE OF PLANNING, ZONING AND COMMUNITY DEVELOPMENT**

v.

**FAYETTE COUNTY ZONING HEARING BOARD and Joseph Cellurale, Jr.**

**Appeal of: Terry Kriss and Diane Kriss.**

Commonwealth Court of Pennsylvania.

Heard May 18, 2009.
Decided June 2, 2009.
Publication Ordered Sept. 11, 2009.

---

Leslie J. Mlakar, Greensburg, for appellants.

John S. Cupp, Jr., Uniontown, for appellee, Fayette County Office of Planning, Zoning and Community Development.

Gretchen A. Mundorff, Connellsville, Fayette County Zoning Hearing Board.

John Pushinsky, Pittsburgh, for appellee, Joseph Cellurale, Jr.

OPINION BY Judge SIMPSON.

In this motion to quash, we are asked whether the failure to appeal an order denying a petition to intervene divests this Court of jurisdiction over an appeal of a subsequent order denying a second petition to intervene in the same ongoing litigation. Concluding neither order denying intervention in this controversy is an appealable collateral order, I grant the motion to quash.

The Fayette County Zoning Hearing Board (ZHB) and Joseph Cellurale, Jr., (Landowner) (collectively, Appellees) filed a motion to quash Terry and Diane Krisses' (the Krisses) appeal of a February 3, 2009 order of the Court of Common Pleas of Fayette County (trial court) denying the Krisses' emergency petition to intervene. Appellees maintain this Court lacks jurisdiction over the Krisses' appeal where they failed to appeal a previous order of the same court denying their first petition to intervene in an appeal of a ZHB's decision.

In January 2007, the Fayette County Office of Planning, Zoning and Community Development (County) issued Landowner an enforcement notice pursuant to the Pennsylvania Municipalities Planning Code (MPC).[1] In November 2007, the Zoning Board sustained Landowner's appeal of the enforcement notice. The Krisses did not enter an appearance before the ZHB.

The County timely appealed the ZHB's decision to the trial court. Landowner intervened. In January 2008, the Krisses filed a petition to intervene pursuant to Section 1004–A of the MPC, 53 P.S. § 11004–A (First Petition to Intervene).[2] They asserted that they reside next to Landowner's property.

By order of January 28, 2008, the trial court denied the Krisses' First Petition to Intervene on the basis the MPC reserves enforcement actions to municipalities. *See* Sections 616.1 of the MPC, 53 P.S. § 10616.1 (relating to issuances of enforce-ment notices); Section 617 of the MPC, 53 P.S. § 10617 (relating to causes of action); and Section 617.2 of the MPC, 53 P.S. § 10617.2 (relating to enforcement remedies).[3] Importantly, the Krisses did not appeal the trial court's order.

About a year later, the Krisses filed an emergency petition to intervene (Second Petition to Intervene). The Krisses continued to raise their adjoining landowner status, but they asserted a different legal basis for intervention: Pa. R.C.P. No. 2327. In relevant part, Pa. R.C.P. No. 2327 provides:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if:
>
> . . . .
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

By order of February 3, 2009, the trial court denied the Krisses' Second Petition to Intervene. In a supporting opinion, the trial court recognized the Krisses' Second Petition as an attempt to seek appellate review of its earlier order denying the First Petition to Intervene. The court also reiterated the underlying proceeding is an enforcement action, the resolution of which is left to the discretion of the munic-

---

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202. The basis for the underlying enforcement notice is not disclosed.

2. Section 1004–A, 53 P.S. § 11004–A, *added by* the Act of December 21, 1988, P.L. 1329, provides, with emphasis added:
   Within the 30 days first following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, *the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course* by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. *All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.*

3. Sections 616.1 and 617.2 were added by the Act of December 21, 1988, P.L. 1329.

ipality. In addition, the trial court opined, the Krisses have a cause of action against Landowner under Section 617 of the MPC for any alleged violation of their property interests. Also for this reason, the trial court denied the Krisses' claim that Pa. R.C.P. No. 2327 permits intervention.

The Krisses filed a timely motion to amend the trial court's order to allow for an interlocutory appeal by permission. *See* 42 Pa.C.S. § 702(b); Pa. R.A.P. 1311. The trial court denied that motion. The Krisses then filed a notice of appeal with this Court, which is the subject of this appeal.

On April 8, 2009, Appellees filed the current Application to Quash Appeal. Appellees assert this Court lacks jurisdiction over the Krisses' current appeal because they failed to appeal the trial court's order denying the First Petition to Intervene and because they failed seek certification so as to permit an interlocutory appeal by permission from that order. *See* Pa. R.A.P. 1311.

The Krisses filed an Answer to the Application to Quash Appeal. In sum, the Krisses admit the trial court properly denied their First Petition to Intervene under Section 1004–A of the MPC because they do not qualify for intervention as of right. However, the Second Petition to Intervene asserted a right to intervene under Pa. R.C.P. No. 2327. This Rule permits intervention at any time during the proceedings if the petitioner's interests are not adequately protected. The Krisses assert their property interests will be harmed if intervention in the underlying enforcement action is denied.

After consideration of the parties' written and oral argument, I am ready to rule.

Appellees maintain the Krisses' failure to appeal the trial court's order denying their First Petition to Intervene precludes jurisdiction over the current appeal of the order denying the Second Petition to Intervene.

As support, Appellees cite *In re Barnes Foundation*, 582 Pa. 370, 871 A.2d 792 (2005). In that case, the Barnes Foundation obtained approval from the orphans' court to amend its charter and bylaws. Three students who enrolled in the Foundation's programs sought permission to intervene in the orphans' court proceedings; however, the court denied intervention. The students did not appeal.

After the orphans' court entered a final decree approving changes to the Foundation's charter and bylaws, one of the students appealed the court's final decree. Before the Superior Court, the Foundation moved to dismiss for want of jurisdiction on the ground the student lacked standing. Moreover, according to the Foundation, any asserted right to appeal the denial of intervention expired after 30 days of the entry of that order. The Superior Court denied the motion without prejudice to the Foundation's ability to raise the issue later in the proceedings.

The Foundation appealed to the Supreme Court, which exercised plenary jurisdiction. Concluding the student's failure to appeal the orphans' court order denying the motion to intervene precluded an appeal of the final decree, the Supreme Court explained the lower court's order denying intervention is one type of order that must be appealed as a collateral order or by permission. *Id.* Because the student failed to appeal the order denying intervention, the Supreme Court quashed the student's appeal of the order approving changes to the Foundations' charter and bylaws.

Appellees urge the same result here. However, the Supreme Court's decision in *Barnes Foundation* is factually inapposite. In this case, the Krisses did not appeal a

final order disposing of the County's appeal of the enforcement notice. The current matter is ongoing, and the Krisses are attempting to establish the right to participate in the proceedings before final resolution of the matter.

In any event, neither party addresses the appealability of the trial court's order denying the Krisses' Second Petition to Intervene, which is the order on review. Because the question of appealability implicates the Court's jurisdiction, a non-waivable matter, we are required to determine if the trial court's order is appealable. *Brophy v. Phila. Gas Works & Phila. Facilities Mgmt. Corp.*, 921 A.2d 80 (Pa.Cmwlth.2007).

As noted above, the Krisses sought an order of court amending the trial court's order denying their Second Petition to Intervene to allow for an interlocutory appeal by permission. The trial court refused, and the Krisses filed only a notice of appeal. However, where the trial court refuses to amend its order to allow for an interlocutory appeal by permission, the party seeking to appeal is limited to filing a petition for review under Chapter 15 of the Rules of Appellate Procedure. Pa. R.A.P. 1311, Note. The petition for review should conform in every respect to the requirements for a petition for permission to appeal. 20 *West's* Pennsylvania Appellate Practice, § 1311:8 (2008–09 ed.). The petition should emphasize why the trial court erred in failing to amend its order. *Id.*

■ Because the Krisses' failed to follow the proper course of action, review under Chapter 13 of the Rules of Appellate Procedure cannot be entertained. Therefore, review of the trial court's order denying the Krisses' Second Petition to Intervene may only occur if the trial court's order constitutes a collateral order. Pa. R.A.P. 313. To address the parties' argu-

ments regarding the appealability of the order denying the First Petition to Intervene, and to resolve the current motion to quash appeal from the order denying the Second Petition to intervene, will be examined both orders under the collateral order doctrine.

■ Pennsylvania Rule of Appellate Procedure 341 provides that any appeal may be taken as of right from any final order of an administrative agency or lower court. A final order is defined as any order that (1) disposes of all claims and of all parties, (2) any order that is expressly defined as a final order by statute or (3), any order entered pursuant to subdivision (c) of Rule 341. Pa. R.A.P. 341(b). Appeals are permitted only from final orders so as to prevent piecemeal determinations and protracted litigation. *Brophy*. The rule of finality is fundamental to the exercise of jurisdiction by an appellate court and is rigorously applied. *Id.*

■ In this case, the order on review is one denying intervention. The Official Note to Rule 341 explains that an order denying a petitioner the right to intervene no longer may be deemed a final order within the meaning of Rule 341. The Note further states that, in appropriate cases, such an order might fall under Pa. R.A.P. 312 (relating to interlocutory appeals by permission) or Pa. R.A.P. 313 (relating to collateral orders). *Cogan v. County of Beaver*, 690 A.2d 763 (Pa.Cmwlth.1997); *see also* 20 *West's Pennsylvania Appellate Practice*, § 313.19.3 (2008–09).

A "collateral order" is defined as

an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa. R.A.P. 313(b). In *Larock v. Sugarloaf Township Zoning Hearing Board*, 740 A.2d 308, 312 (Pa.Cmwlth.1999) (quotation omitted), we noted that "[t]he requirements to be satisfied to bring an appeal under the collateral order doctrine are stringent and must be narrowly construed."

■ In determining whether an order is separable from and collateral to the main cause of action, the court must decide whether the claimed rights affected by the order are also ingredients in the main cause of action. Id. Presently, the Krisses' right to intervene is separate from and collateral to the underlying enforcement action. Thus, the trial court's orders denying intervention satisfy the first prong of the collateral order test.

■ As to the second element, I do not believe the right involved is too important to be denied review or the question presented is such that the claim will be irreparably lost if review is postponed.

■ In *Cogan*, we noted that "the merits of the petition to intervene necessarily are considered as part of the analysis to determine whether the claim asserted is 'too important to be denied review,'" but that "the mere assertion of a right to intervene is not per se too important to be denied review." 690 A.2d at 765. Our Supreme Court further explained the second prong of the collateral order doctrine as follows:

> For purposes of defining an order as a collateral order under Rule 313, it is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand.

*Geniviva v. Frisk*, 555 Pa. 589, 598, 725 A.2d 1209, 1213–14 (1999). In addition, "[a]n issue is important if the interests that would *potentially* go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment." *In re Ford Motor Co.*, 110 F.3d 954, 959 (3d Cir.1997) (emphasis added).

In their First Petition to Intervene, the Krisses alleged they are adjoining property owners whose property is affected by the use and occupancy of Landowner's property and who are affected by the ZHB's decision. Appellees' Motion to Quash Commonwealth Court Appeal, Ex. 1. Similar allegations appear in the Krisses' Second Petition to Intervene. *Id.* at Ex. 5.

As the trial court aptly noted, however, the Krisses have an adequate remedy under the MPC. In particular, Section 617 of the MPC authorizes a cause of action in a favor of a property owner who demonstrates that his property will be substantially affected by an alleged violation of any ordinance enacted under the MPC. 53 P.S. § 10617. Thus, an available remedy will continue to exist in favor of the Krisses, and their property rights are protected. Balancing the competing interests of avoidance of piecemeal litigation and protection of property rights, delay in review presents no danger here.

Because the denial of the First and Second Petitions to Intervene did not forever bar relief on the Krisses' claim that Landowner's actions adversely affect their property interests, the trial court's orders regarding intervention are not appealable. In turn, the lack of an appealable order divests the Court of jurisdiction over the current appeal. *Adams v. Dep't of Health*, 967 A.2d 1082 (Pa.Cmwlth.2009).

Accordingly, Appellees' motion to quash for lack of jurisdiction is granted.

342

### ORDER

AND NOW, this 2nd day of June, 2009, the motion to quash filed on behalf of Fayette County Zoning Hearing Board and Joseph Cellurale, Jr. is **GRANTED**.