J-S03016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC MEWHA | |
| | No. 1415 EDA 2014 |
| APPEAL OF: INTERVENORS, MELISSA AND DARRIN DOUGHERTY | |

Appeal from the Order April 30, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2013-11685

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 30, 2015**

Appellants, Melissa and Darrin Dougherty appeal from the order entered April 30, 2014, denying their Emergency Motion to Intervene in JP Morgan Chase Bank, National Association's mortgage foreclosure action. After review, we affirm.

The undisputed facts of this case are as follows. On November 25, 2013, Appellee JP Morgan Chase Bank, National Association filed a complaint in mortgage foreclosure against Eric Mewha, who was in default of monthly payments due under a mortgage recorded on property located at 4205 Springhouse Lane, Aston, Pennsylvania. The trial court entered default judgment against Mewha on February 14, 2014. Thereafter, on April 13,

2014, the court amended the judgment to include additional sums sought by JP Morgan Chase Bank.

On April 13, 2014, after the entry of the amended default judgment, Melissa and Darren Dougherty filed an Emergency Motion to Intervene in Relation to an Upcoming Sheriff's Sale and or Eviction. Appellants alleged in the petition that on April 9, 2012, they entered a "lease to own agreement" with Mewha with respect to the mortgaged property, which was set to mature in 2015. They requested to join the dispute as a party to have their alleged interest in the property protected. Following a hearing, the trial court denied Appellants' petition, on the basis that no pending matter existed in which petitioners could intervene. *See* Order, 4/29/14. This timely appeal followed.

Appellants raise the following issues on appeal:

1. Whether the [c]ourt-below [sic] committed reversible error or abused its discretion by denying the equity based petition to intervene and the motion to strike given that fatal defects existed in the foreclosure action rendering the Prothonotary without jurisdiction to docket the default judgments against defendant Mewha; thus, the [c]ourt-below [sic] cannot preclude the Dougherty's petition to intervene on the sole basis that it was untimely-filed for having been docketed after those judgments.

2. Whether the [c]ourt-below [sic] committed reversible error or abused its discretion by denying the petition to intervene given that:

   a. The petition was indeed filed during the pendency of the action;

   b. The requisites of rule 2327 were satisfied;

     c. Equitable owners are indispensable parties, the absence of whom divests the [c]ourt of subject matter jurisdiction; and,

     d. It would be inequitable to deny intervention.

3. Whether the [c]ourt-below [sic] committed reversible error or abused its discretion by deny[ing] the motion to strike given that:

     a. The motion to strike was never addressed by the [c]ourt-below [sic];

     b. The motion to strike was timely filed;

     c. Fatal defects are apparent in the record of the foreclosure action;

     d. The Dougherty's have a meritorious claim in the dispute[.]

Appellants' Brief at 4.

> As a general rule, an appeal will not lie from an order denying intervention, because such an order is not a final determination of the claim made by the would-be intervenor. However, in some cases, the order denying intervention has the practical effect of denying relief to which the intervenor is entitled and which he can obtain in no other way. Such an order will be deemed final, and an appeal therefrom will be allowed. In order to determine the appealability of an order denying intervention, therefore, one must examine the ramifications of the order to determine whether it constitutes a practical denial of relief to which the petitioner for intervention is entitled and which he can obtain in no other way.
>
> Often, it is necessary to examine the merits of an appellant's petition in order to determine whether the court's order results in a practical denial of relief to which the appellant is entitled but which can be secured in no other way.

*First Commonwealth Bank v. Heller*, 863 A.2d 1153, 1155 (Pa. Super. 2004) (citation omitted). *See also* Pa.R.A.P. 341, note (recognizing an order denying a party the right to intervene is no longer appealable as a final order).

Before we address the merits of Appellants' motion to intervene, we must first address the timeliness of the motion. Pursuant to Pennsylvania Rule of Civil Procedure 2327, a petition for leave to intervene must be filed during the pendency of the action. "After final adjudication, a petition to intervene is too late." *Newberg by Newberg v. Board of Public Educ.*, 478 A.2d 1352, 1354-1355 (Pa. Super. 1984) (citations omitted). A motion to intervene filed after final adjudication should be denied except in "extraordinary circumstances." *Jackson v. Hendrick*, 446 A.2d 226, 278 (Pa. 1982) (citations omitted).

Here, the trial court entered default judgment against Eric Mewha on February 14, 2014, and amended the judgment on April 3, 2014. Appellants did not file their motion to intervene until *after* the court amended the final judgment, and several weeks after the court initially entered default judgment in this matter. It is undisputed that Appellants were aware of the foreclosure action as early as December 18, 2013, but waited until *after* the entry of final judgment to file their motion to intervene. *See* Appellants' Reproduced Record at 63a (email dated 12/18/13 from Appellants' attorney indicating notice received regarding foreclosure action).

Appellants delayed intervention in this matter at their peril. Accordingly, we find no extraordinary circumstances such that would excuse their untimely attempt at intervention. We therefore find no error in the trial

court's order denying Appellants' untimely motion to intervene.[1, 2] *See Financial Freedom, SFC v. Cooper*, 21 A.3d 1229 (Pa. Super. 2011) (affirming order denying untimely motion to intervene filed after entry of default judgment in mortgage foreclosure case).

Appellants alternatively argue that they are indispensable parties to the underlying mortgage foreclosure action. *See* Appellants' Brief at 21-22. Pursuant to Pa.R.C.P. 2227, a "[p]erson[ ] having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

> As a general rule, an indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights. Appellate courts have consistently held that property owners are indispensable parties in lawsuits concerning the owners' property rights.

_____

[1] Appellants additionally argue that the entry of default judgment was void because the prothonotary allegedly failed to send Mewha appropriate notice of judgment pursuant to Pa.R.C.P. 236. *See* Appellants' Brief at 15. Appellants raise this issue for the first time on appeal, and, therefore, it is waived. *See* Pa.R.A.P. 302(a). Nonetheless, we note that we find no evidence that the prothonotary failed to comply with the dictates of Rule 236.

[2] To the extent that Appellants sought in their petition to stay the proceedings or strike the entry of default judgment, our determination that the trial court correctly denied Appellants' petition to intervene renders a discussion of these issues moot. *See In re Barnes Foundation*, 871 A.2d 792, 794-795 (Pa. 2005) (petitioner's failure to attain intervenor status foreclosed his ability to file a cognizable appeal relative to the court's final decree).

> The absence of an indispensable party goes absolutely to the court's jurisdiction. If an indispensable party is not joined, a court is without jurisdiction to decide the matter. The absence of an indispensable party renders any order or decree of the court null and void. The issue of "the failure to join an indispensable party" cannot be waived.

***Sabella v. Appalachian Development Corp***., 103 A.3d 83, 90 (Pa. Super. 2014) (citation omitted).[3]

Appellants argue that they maintain a possessory interest in the mortgaged property by virtue of the "lease to own" addendum to the lease with Mewha. Thus, they contend that "no decree could be made [in this matter] without impairing their rights[.]" Appellants' Brief at 22, citing ***Commercial Banking Corp. v. Culp***, 443 A.2d 1154, 1156 (Pa. Super. 1982). We note at the outset that this Court's decision in ***Commercial Banking Corp***. is inapposite to this case. Therein, this Court determined that the mortgagee, as the "*real owner of the property*" was an indispensable party to a mortgage foreclosure action. ***Commercial Banking Corp***., 443 A.2d at 1156. Herein, it is uncontested that Eric Mewha – not Appellants – is the real owner of the property subject to the mortgage foreclosure action.

Although Appellants maintain that they are the equitable owners, if not the real owners, of the foreclosed property, they provide no case law to support their claim. Moreover, a close examination of the lease in question

---

[3] As this issue cannot be waived, we will proceed to examine Appellants' claim despite their failure to raise it in the court below.

reveals that, at the time the Appellants sought to intervene in the mortgage foreclosure action, they had not yet acquired a possessory interest in the property. On page four of the "Agreement To Rent or Lease" there appears a handwritten addendum which states that, "after 4/9/13 all additional money will go into escro[w] toward purchase of house in 2015 or sooner." Emergency Petition to Intervene, Exhibit B. This single clause serves as the basis for Appellants' contention that they maintained a possessory interest in the property. However, the clause clearly states that the money will be maintained in an escrow account for the purchase of the home "in 2015 or sooner." Appellants do not contend that they purchased the home prior to the mortgage foreclosure action or the filing of the motion to intervene. Therefore, as Appellants had not yet acquired a possessory interest in the property at the time the mortgage foreclosure action had commenced, JP Morgan Chase Bank was not required to join them as an indispensable party. *See Financial Freedom, SFC*, *supra*, at 1232 ("[O]nce a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by decree *and need not be joined*.") (citation omitted). As such, we disagree that Appellants qualify as indispensable parties to the underlying action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2015