J-A17025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| AHMED HANNIBAL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SOLID WASTE SERVICES, INC. | : | |
| D/B/A J.P. MASCARO & SONS, INC. | : | |
| | : | No. 2799 EDA 2022 |
| | : | |
| APPEAL OF: ADMIRAL INSURANCE | : | |
| COMPANY | : | |

Appeal from the Order Entered October 5, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 200201172

BEFORE:   KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED DECEMBER 19, 2023**

Admiral Insurance Company ("Admiral") appeals from the order denying its petition for limited intervention in this action brought by Ahmed Hannibal ("Hannibal") against Admiral's insured, Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons, Inc. ("Mascaro").  We reverse the order and remand for further proceedings.

Admiral issued a commercial general liability insurance policy, No. CA000014543-10 ("the policy"), to Mascaro which provided defense and indemnity coverage for claims covered by the policy.  The policy contains an

_____

[*] Retired Senior Judge assigned to the Superior Court.

auto exclusion (hereinafter "the auto exclusion") which provides, in pertinent

part:

> This insurance does not apply to "bodily injury," . . . allegedly or actually arising out of, related to, caused by, contributed to by, or in any way connected to or with the ownership, maintenance, use, or entrustment to others, by or on behalf of any insured of an "auto," . . .. "Use" includes, but is not limited to, operation and "loading or unloading."

**See** Policy, 11/1/18, at Endorsement AD 67 38 06 07.

In 2019, while the policy was in effect, Hannibal was injured when a

trash dumpster platform on which he was standing, moved and caused him to

fall and sustain injuries. At the time of the accident, the trash dumpster

platform was connected to a dumpster being serviced by Mascaro. In 2020,

Hannibal commenced the instant litigation against Mascaro alleging that

Mascaro was responsible for the maintenance, care, and upkeep of the

dumpster, Mascaro was negligent and careless, and that such negligence and

carelessness caused his injuries. The complaint asserted a claim for premises

liability and a claim for negligence. Notably, the complaint did not assert any

liability based on the ownership, maintenance, or use of an auto. Mascaro

tendered the complaint to Admiral, seeking defense and indemnity coverage

under the policy. Admiral agreed to provide a defense to Mascaro subject to

a full reservation of rights to deny coverage and withdraw its defense should

evidence reveal that the policy did not cover Hannibal's claims. **See**

Reservation of Rights Letter, 6/1/20, at 2, 11-12. Discovery undertaken in

the litigation revealed that the platform on which Hannibal was standing

moved because it was resting on a dumpster which was attached to a Mascaro truck that was pulling away, thereby causing the accident.[1]

Admiral filed a declaratory judgment action in federal court seeking a declaration of its coverage obligations under the policy. Therein, Admiral took the position that the claims asserted by Hannibal were excluded from coverage under the policy due to the auto exclusion. However, before any ruling was made in the federal declaratory judgment action, Mascaro filed a motion to dismiss the action as premature, and the federal court dismissed the action without prejudice to refile it.

In March 2022, Admiral sought to intervene in the instant action for the limited purpose of submitting a special interrogatory to the jury as to whether Hannibal's injuries and damages were caused by the ownership, maintenance, or use of any auto. Admiral later clarified that it would only request submission of the special interrogatory if the jury found that Mascaro had been negligent and that such negligence was the proximate cause of Hannibal's

---

[1] Admiral asserts that "Mascaro employee, Anibal Valentin Figueroa, testified that he used a Mascaro truck to pull the dumpster away from the platform, while unaware that Mr. Hannibal was still on the hinged metal panel which bridges the gap between the dumpster loading platform and the outside edge of the loading dock." Admiral's Brief at 39. Admiral further asserts that Hannibal's "expert, Randy Patarcity, has submitted a written report in which he gives the opinion that this movement by the truck caused the hinged metal panel to drop like a trap-door, causing Mr. Hannibal to fall, as well as the opinion that Mr. Hannibal's fall and injury was caused by Mr. Figueroa's failure to ensure that no one was on the dumpster platform before he moved the dumpster with the Mascaro truck." *Id*.

injuries and damages. Both Hannibal and Mascaro opposed Admiral's intervention. On October 5, 2022, the trial court entered an order denying intervention without conducting a hearing. Admiral filed a timely notice of appeal. Admiral also requested, and the trial court granted, a stay of the action pending resolution of this appeal. Both Admiral and the trial court complied with Pa.R.A.P. 1925.

Admiral raises the following issues for our review:

1. Whether the [trial court] improperly refused [Admiral's] petition for limited intervention, thus denying [Admiral] the right to present special interrogatories to the jury.

2. Whether the [trial court] erred by ruling on, and refusing, [Admiral's] petition for limited intervention without conducting a hearing as required by Pa.R.C[iv].P. 2329.

Admiral's Brief at 7 (unnecessary capitalization omitted).

Preliminarily, we must determine whether this appeal is properly before us. For this Court to have jurisdiction, an appeal must be from an appealable order. *See Bogdan v. Am. Legion Post 153 Home Ass'n.*, 257 A.3d 751, 755 (Pa. Super. 2021). The Pennsylvania Rules of Appellate Procedure delineate appealable orders as: final orders (*see* Pa.R.A.P. 341); interlocutory orders as of right (*see* Pa.R.A.P. 311); interlocutory orders by permission (*see* Pa.R.A.P. 312); and collateral orders (*see* Pa.R.A.P. 313). An order denying the right to intervene is not appealable as a final order. *See In re Barnes Found.*, 871 A.2d 792, 794 (Pa. 2005) (citing Pa.R.A.P. 341, Note). However,

an order denying intervention may be appealable as a collateral order or as an interlocutory order by permission. *See id*.

Here, Admiral appeals from the order denying its petition to intervene on the basis that it is appealable as a collateral order pursuant to Rule 313(b). Otherwise known as the collateral order doctrine, Rule 313(b) provides that an interlocutory order is collateral and, therefore, immediately appealable, if it is: (1) separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. *See* Pa.R.A.P. 313(b).

Case law has clarified how appellate courts should apply the three-part analysis under the collateral order doctrine:

> For the first prong of the analysis under Rule 313(b), a court must determine whether the issue(s) raised in the order are separable from the central issue of the ongoing litigation. Under the second prong, in order to be considered too important to be denied review, the issue presented must involve rights deeply rooted in public policy going beyond the particular litigation at hand. An issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule. Furthermore, with regard to the third prong of the analysis, our Supreme Court explained that whether a right is adequately vindicable or effectively reviewable, simply cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement.

*Mortg. Elec. Registration Sys., Inc. v. Malehorn*, 16 A.3d 1138, 1142 (Pa. Super. 2011) (citations, quotation marks, and brackets in original omitted).

We observe that the order denying Admiral's petition to intervene satisfies the separability prong under Rule 313(b) because Admiral's right to intervene is peripheral to the ultimate resolution of the instant action. *See Bogdan*, 257 A.3d at 756 (concluding that the order denying the insurer's right to intervene in the litigation against its insured for the limited purpose of submitting special interrogatories and a special verdict form to the jury satisfied the separability prong under Rule 313(b)). The ultimate resolution of the instant action is the jury's determination as to whether Mascaro is liable to Hannibal. Admiral's right to intervene is separable from and collateral to the main cause of action because Admiral merely seeks to ensure that, in reaching its determination as to whether Mascaro is liable to Hannibal, the jury makes certain factual findings which will resolve the coverage issues.

Furthermore, the order denying Admiral's petition to intervene satisfies the second prong under Rule 313(b) because the right involved is too important to be denied review. Admiral seeks limited intervention in the instant action to obtain a clear determination of the basis for any potential jury verdict to assist with subsequent coverage determinations regarding its indemnity obligations in a declaratory judgment action. Whether an insurance policy affords coverage for a particular claim for loss, or whether the claim is excluded from coverage by a specific policy exclusion, are questions often resolved by and dependent upon factual determinations. These factual determinations may sometimes be reached by purely objective means. *See*

*e.g.*, *Erie Ins. Grp. v. Catania*, 95 A.3d 320, 324 (Pa. Super. 2014) (explaining that it was undisputed that the insured was injured while driving a delivery truck which he did not own). However, in other instances, disputed factual determinations must be made by a fact-finder. *See Bogdan*, 257 A.3d at 758 (remanding to permit intervention by the insurer to submit special interrogatories to the jury to distinguish damages recoverable for pre-shooting injuries from those resulting from the fatal shooting for purposes of determining which damages were excluded by a policy exclusion). A declaratory judgment action will not address the same issues as Admiral's petition to intervene because, whereas the petition to intervene will seek to address the factual basis for any verdict against Mascaro, a declaratory judgment action will address the interpretation of the policy and provide a declaration as to whether the policy affords indemnity coverage for any judgment entered against Mascaro. *See id*.; *see also Erie Ins. Exchange v. Muff*, 851 A.2d 919, 925 (Pa. Super. 2004) (explaining that the interpretation of an insurance policy is a matter of law properly resolved in a declaratory judgment action). Accordingly, the petition to intervene in the instant action is the only way for Admiral to secure the specific factual reasons for any potential verdict against Mascaro, and, if appropriate, to sustain its burden of establishing—in a subsequent declaratory judgment action— whether any policy exclusions apply to preclude indemnity coverage for any

verdict that Hannibal may secure against Mascaro. **See Bogdan**, 257 A.3d at 756.

Finally, the order denying Admiral's petition to intervene satisfies the third prong under Rule 313(b) because the question presented is such that if review is postponed until final judgment in the instant action, the claim will be irreparably lost. If the jury in the instant matter returns a general verdict against Mascaro, without making any factual determinations that are necessary to resolve the coverage issues, Admiral would be permanently deprived of the ability to establish whether a policy exclusion applies and precludes indemnity coverage for the judgment against Mascaro. **See Butterfield v. Giuntoli**, 670 A.2d 646, 658 (Pa. Super. 1995) (affirming summary judgment in favor of the insured in a declaratory judgment action brought by the insurer because it was the insurer's burden to prove that the claim was excluded from coverage, the insurer failed to seek intervention or request special interrogatories, and it was therefore impossible to determine the basis of the jury's findings in order to determine whether a policy exclusion applied).

Based on the foregoing, we conclude that Admiral has satisfied the three prongs of the collateral order doctrine because the questions surrounding its obligation to indemnify Mascaro will not be resolved by the instant litigation, and Admiral's right to submit a special interrogatory to the jury will be lost following the close of trial. Accordingly, the appeal is properly before us, and

we will proceed to address the merits of Admiral's issues. ***See Bogdan***, 257 A.3d at 756; ***see also Mortg. Elec. Registration Sys., Inc.***, 16 A.3d at 1142.

Each of Admiral's issues challenge the trial court's denial of its petition to intervene. "It is well[-]established that a question of intervention is a matter within the sound discretion of the court below and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review." ***Wilson v. State Farm Mut. Auto. Ins. Co.***, 517 A.2d 944, 947 (Pa. 1986) (citations and quotation marks omitted). In ruling on a petition to intervene, the trial court is required to determine whether the allegations of the petition have been established and, assuming that they have, whether they demonstrate an interest sufficient to justify intervention. ***See Nemirovsky v. Nemirovsky***, 776 A.2d 988, 992 (Pa. Super. 2001). The determination of who may intervene in an action and when that intervention may be prohibited is determined by Pa.R.Civ.P. 2327 and 2329. Rule 2327 provides, in pertinent part, as follows:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1)     the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

Pa.R.Civ.P. 2327(1).

Rule 2329 provides in pertinent part:

Upon the filing of the petition and after hearing, of which due notice shall be given to all parties, the court, if the allegations of the petition have been established and are found to be sufficient, shall enter an order allowing intervention; but an application for intervention may be refused, if

(1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.Civ.P. 2329.

Admiral contends that the trial court abused its discretion by denying the petition for limited intervention because Admiral satisfied Rule 2327(1). Admiral points out that it bears the burden of proving the application of any policy exclusion and that, if it is unable to determine whether the auto exclusion applies to preclude coverage, it will be unable to meet its burden of proof and, hence, obligated to indemnify Mascaro for any judgment awarded against it in this action. *See* Admiral's Brief at 17-18. Admiral explains that the complaint does not mention any vehicle and does not premise Mascaro's liability on the ownership, maintenance, or use of any vehicle. *Id*. at 18. Admiral contends that, if it is not permitted to intervene, the jury will simply be asked if Mascaro was negligent and if such negligence was the proximate cause of Hannibal's injuries and damages, without specifying the precise manner of such negligence or whether such negligence involved the

ownership, maintenance, or use of a vehicle. *Id*. Admiral maintains that, unless it is permitted to intervene for the limited purpose of submitting a special interrogatory to the jury, the entry of a judgment in this action will impose liability upon Admiral to indemnify Mascaro.

The trial court determined that Admiral was not a proper party to intervene under Rule 2327(1). The court reasoned:

> In reviewing the language of [Rule] 2327(1), the use of "will," rather than "may" in the operative phrase, "if the entry of judgment *will* impose any liability . . ." is notable (emphasis added). It suggests that liability upon the petitioner must be affirmatively certain, rather than simply plausible, for the petitioner to qualify as a permissible intervenor under this subsection. Admiral cites two Pennsylvania Superior Court cases, *Bogdan* and [*A.H. v. Roosevelt Inn LLC*, 266 A.3d 616 (Pa. Super. 2021) (unpublished memorandum)], to support its position that Admiral does not have to establish a certainty that they will have a duty to indemnify in order to be permitted to intervene in this action. However, a close reading of both cases suggests the opposite conclusion. Essentially, the petitioning intervenors in both cases had a . . . duty to indemnify irrespective of whether they intervened; the only issues the intervention sought to clarify was the extent of their indemnification. *See Bogdan* . . . ; [*see also*]. *Roosevelt Inn LLC*, . . ..

> For instance, in *Bogdan*, the petitioning intervenor was a liquor liability insurance carrier for an establishment that served alcohol. The establishment was subject to a dram shop action for serving alcohol to an allegedly intoxicated individual, who then went on to fight, and then fatally shoot, the plaintiff. The purpose of the special interrogatories was to clarify which counts of the complaint the insurance policy would cover, as the insurance policy had an exclusion for injuries involving a firearm. Critically, there were at least some counts of the complaint that would fall within the scope of the insurance policy.

> Similarly, in *Roosevelt Inn*, the petitioning intervenor was the insurance provider of several hotel defendants subject to a sex trafficking lawsuit. The complaint was grounded in negligence but

- 11 -

also sought punitive damages against the hotel defendants. The purpose of the proposed interrogatories was to determine whether an award of punitive damages was based on direct or vicarious liability, as indemnification may have been barred for punitive damages based on direct liability. Regardless, the insurance policy would cover the negligence counts of the complaint.

Unlike in **Bogdan** or **Roosevelt Inn**, Admiral clearly concedes in its pleadings that [its] liability in this case is uncertain. In fact, whether Admiral has a duty to indemnify Mascaro is the purpose of Admiral's petition for limited intervention. This determination hinges on whether the incident falls within the scope of the "auto exclusion" policy. This is distinguishable from the insurance companies that were allowed [to] intervene in **Bogdan** and **Roosevelt Inn**, whose insurance policies were certain to cover at least some of the counts in the underlying complaints.

Trial Court Opinion, 12/29/22, at 5-7 (footnote, some citations, and unnecessary capitalization omitted).

Based on our review, we cannot agree with the trial court's determination that Admiral failed to satisfy Rule 2327(1). In the present matter, unless Admiral is permitted to intervene for the limited purpose of submitting a special interrogatory to the jury, the entry of a judgment in this action **will** impose liability upon Admiral to indemnify Mascaro. The trial court's attempt to distinguish this matter from **Bogdan** and **Roosevelt Inn**[2] is premised on a fundamental legal misunderstanding of basic insurance

---

[2] While **Roosevelt Inn** is not controlling because it is a non-published memorandum decision, it nevertheless provides persuasive authority to this Court as it was filed after May 1, 2019. **See** Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

coverage concepts. When a complaint is filed against an insured, the insured bears the burden of proving that a claim falls within the coverage provided by the applicable liability policy. *See Betz v. Erie Ins. Exch.*, 957 A.2d 1244, 1256 (Pa. Super. 2008). The insurer will review the claims asserted in the complaint to determine whether any of the claims fall within the general scope of coverage afforded by the terms of the applicable liability insurance policy. *See Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 542 (Pa. 2010) (holding that whether a complaint raises a claim against an insured that is potentially covered is a question to be answered by the insurer in the first instance, upon receiving notice of the complaint by the insured). Some claims may patently fall outside the scope of coverage, such as an intentional tort claim. However, if any one claim in the complaint is potentially covered by the policy, the insurer is obligated to provide a defense to the insured in the action, as "it is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to defend." *See id*. at 541 (holding that an insurer is obligated to defend its insured if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy).

Necessarily, this initial determination by the liability insurer is based on the bare averments set forth in the complaint. Accordingly, whether a policy exclusion is potentially applicable may not be apparent from those general averments. However, as the action progresses and investigation and

discovery are conducted by the parties, certain evidence may be revealed which could implicate a policy exclusion. Importantly, when the insurer relies upon exclusionary language in the policy as a defense to coverage, the burden shifts to the insurer to prove that the exclusion applies to the facts of the case. *See McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 646 (Pa. Super. 2013) (stating that, while the insured has the initial burden of showing a claim falls within a policy's coverage, the burden then shifts to the insurer to prove the applicability of any exclusions); *see also Wagner v. Erie Ins. Co.*, 801 A.2d 1226, 1231 (Pa. Super. 2002) (providing that the insurer has the burden to show that an asserted exclusion clearly and unambiguously prevents the coverage of a claim). Mindful of the possible latent application of a policy exclusion, insurers routinely provide a conditional defense to the insured, and expressly reserve the right to deny defense and indemnity coverage if facts discovered during the lawsuit indicate that a policy exclusion applies to preclude coverage.

In the instant matter, as in *Bogdan* and *Roosevelt Inn*, Admiral determined that the negligence claims asserted against Mascaro in the complaint fell within the general scope of coverage afforded by the terms of the policy, and agreed to provide a conditional defense to Mascaro subject to a full reservation of rights to deny coverage and withdraw its defense should evidence reveal the application of a policy exclusion, such as the auto exclusion. *See* Reservation of Rights Letter, 6/1/20, at 2, 11-12. Discovery

revealed that the platform on which Hannibal was standing moved because it was resting on a dumpster which was attached to a Mascaro truck that was pulling away, thereby potentially causing the accident. Based on these facts, Admiral determined that the auto exclusion potentially applied to preclude coverage for *all* of the claims asserted against Mascaro in the complaint. However, as explained above, Admiral bears the burden to prove the applicability of the auto exclusion in a subsequent declaratory judgment action. *See McEwing*, 77 A.3d at 646; *see also Wagner*, 801 A.2d at 1231. To sustain that burden, Admiral must prove that Hannibal's injuries and damages were caused, in whole or in part, by the ownership, maintenance, or use of an auto. Admiral therefore sought limited intervention in this action for the sole purpose of submitting a special interrogatory to the jury to make this narrow factual determination.

Contrary to the trial court's assertion otherwise, the fact that the auto exclusion presented a potential coverage defense to *all* claims asserted by Hannibal, as opposed to only a *few* claims, is of no moment. What is important, is that, similar to the insurers in *Bogdan* and *Roosevelt Inn*, Admiral would be unable to determine the applicability of a potential coverage defense to *any* claim asserted against its insured if not permitted to intervene. *See Butterfield*, 670 A.2d at 658.

If Admiral is not permitted to intervene, and the question of whether Hannibal's' injuries and damages were caused, in whole or in part, by the

ownership, maintenance, or use of an auto is left unresolved, then Admiral *will* be obligated to indemnify Mascaro for any judgment imposed against it in this action. We therefore conclude that the trial court manifestly abused its discretion in determining that Admiral failed to satisfy the requirements of Rule 2327(1).[3] Accordingly, we remand for the trial court to conduct a hearing pursuant to Rule 2329.[4]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023

---

[3] Admiral additionally argues that it satisfied the requirements of Rule 2327(4); however, given our determination that Admiral satisfied the requirements of Rule 2327(1), we need not address subsection (4), as Admiral was only required to satisfy one subsection of the rule.

[4] Given our disposition, we need not address Admiral's second issue, as we remand with the directive that the trial court conduct a hearing pursuant to Rule 2329.