Nicholas Kosjer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 9, 1983, to Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Dennis J. Stofko*, for petitioner.

*Jean E. Graybill*, Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, August 30, 1983:

Nicholas Kosjer has appealed from an order of the Hearing and Appeals Unit of the Department of Public

Welfare (DPW) upholding a decision of the Emergency and Special Programs Unit of DPW denying him a grant for the loss of personal property belonging to his deceased mother, Mildred Kosich, allegedly damaged or destroyed by a flood in 1977. The grant sought was authorized by Section 1 of the Act of April 28, 1978, P.L. 122, 71 P.S. §1689.201.

Mildred Kosich lived in Johnstown, Pennsylvania when the city was flooded on July 20, 1977. She died on May 8, 1978. By the Act of April 28, 1978, cited above:

> (a)   Upon receipt and approval of a sworn application by any person for nonbusiness or nonfarm personal property damaged or destroyed by the floods of July 1977, the Office of the Governor may make a grant to cover a portion of the adjusted loss.

71 P.S. §1689.201(a). Mildred Kosich did not apply for a grant during her lifetime. On August 27, 1979, Nicholas Kosjer applied for a grant on behalf of his mother's estate claiming that his mother lost personal property worth $10,080.06 in the flood. Kosjer stated in the application that his mother had orally agreed that her household goods were to be divided equally among her three children at her death. None of the children lived with their mother. Nicholas Kosjer lived nearby and applied for and received a grant for his own personal property losses.

The grant applied for by Nicholas Kosjer on account of his mother's asserted loss was refused on the ground that the grants authorized by the Act were intended to assist flood victims unable to meet the expenses or needs related to the loss or injury of their personal property; and that such grants were not available for the mere enhancement of the estates of flood victims.

Nicholas Kosjer contends that his mother's right to benefits survived because Section 8302 of the Judicial Code, 42 Pa. C. S. §8302, provides:

> All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants.

The difficulty with this thesis is that his mother did not have a cause of action.

In *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316 (1927), the United States Supreme Court wrote:

> A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.... The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear.

*Id.* at 321. A cause of action consists of a cognizable right and its wrongful violation. A right has been defined by the Pennsylvania Supreme Court in *North Branch Passenger Railway Co. v. City Passenger Railway Co.*, 38 Pa. 361 (1861) as follows:

> [T]here can be no right existing or actually granted in a non-existing thing or right. Of course we are not expected to enforce a legislative promise. A right is a relation of a person or persons to some thing or person, and from its very nature it cannot arise or exist in advance of the persons and things related, and of which it expresses the relation.

*Id.* at 367. A wrong cognizable in court is a violation of such a right, *Greek Catholic Congregation of Borough of Olyphant v. Plummer*, 347 Pa. 351, 353, 32 A.2d 299, 300 (1943), and results in a cause of action if it produces an injury to the holder of the right. *Rosenthal v. Carson*, 149 Pa. Superior Ct. 428, 432, 27 A.2d 499, 500-01 (1942).

On the date of her death on May 8, 1978, Mrs. Kosich had no right to receive a grant not only because she had not applied for one but also because the Act of April 28, 1978, did not create a right to a grant. The Act gave claimants the opportunity to apply for grants which, as the Act says, the Office of the Governor *may* grant.

Kosjer places reliance in this regard on dicta in the case of *Chaniewicz v. Chaniewicz*, 214 Pa. Superior Ct. 294, 257 A.2d 605 (1979) to the effect that a judgment against a redevelopment authority for property taken under the power of eminent domain survives the death of the decedent and was an asset of the estate. The holding of *Chaniewicz* clearly has no application to the circumstances of this case.

Some further word concerning who are the persons entitled to the grants authorized by the Act of April 28, 1978, is appropriate. Section 1(b) of the Act, 71 P.S. §1689.201(b) provides in pertinent part:

> Total loss shall be computed in accordance with standards applied by the United States Government pursuant to the Civil Disaster Relief Act of 1970 and United States Public Law 92-385 for persons whose property was damaged by the floods of September 1971 and June 1972.

The Civil Disaster Relief Act of 1970, 42 U.S.C. §4401 was repealed and replaced by the Federal Disaster Relief Act of 1974, 42 U.S.C. §5178. Section 602(m) of the Federal Disaster Relief Act of 1974 provides:

> Whenever reference is made in any provision of law (other than this Act [the Disaster Relief Act of 1974]), regulation, rule, record, or document of the United States to provisions of the Disaster Relief Act of 1970 (84 Stat. 1744), repealed by this Act, such reference shall be deemed to be a reference to the appropriate provision of this Act.

Therefore, total loss for personal property damaged or destroyed by the floods of July, 1977, and hence, eligibility for grants under the Act of April 28, 1978, are to be determined in accordance with the standards of the Federal Disaster Relief Act of 1974. Section 408 of the Federal Disaster Relief Act of 1974, 42 U.S.C. §5178(a) provides:

> (a) The President is authorized to make a grant to a State for the purpose of such State making grants to meet *disaster-related necessary expenses or serious needs of individuals or families adversely affected by a major disaster* in those cases where such individuals or families are unable to meet such expenses or needs through assistance under other provisions of this chapter, or from other means.... (emphasis added).

Pursuant to the Federal Disaster Relief Act of 1974, regulations were adopted at 24 C.F.R. 2205.48, now found at 44 C.F.R. 205.54. These include, pertinently the definition of the phrases "necessary expense," "serious need" and "family." The regulation at 24 C.F.R. 2205.48(b)(1) defines a necessary expense as:

> the cost of an item or service essential to an individual or family to mitigate or overcome an adverse condition caused by a major disaster.

Serious need is defined at 24 C.F.R. 2205.48(b)(2) as:

> a requirement for an item or service essential to an individual or family to prevent or reduce hardship, injury, or loss caused by a major disaster.

Finally, a family is defined at 24 C.F.R. 2205.48(b)(3) as:

> a social unit comprised of husband and wife and dependents, if any, or a head of household, as these terms are defined in the Internal Revenue Code of 1954.

Hence, under both the Federal Act and regulations, eligibility for grants is limited to individuals and families adversely affected by a major disaster who are unable to meet disaster-related costs of essential services or items in order to prevent hardship, injury or loss. Ms. Kosich's heirs at law do not meet this description.

Order affirmed.

## ORDER

AND Now, this 30th day of August, 1983, the order of the Department of Public Welfare appealed from is affirmed.