582 A.2d 1373

REED ROAD ASSOCIATES, Appellee,

v.

John R. CAMPBELL and Janet L. Campbell, H/W, Appellants.

Superior Court of Pennsylvania.

Submitted March 19, 1990.

Filed Dec. 5, 1990.

120

James R. Flick, Media, for appellants.

Jeffrey A. Lutsky, Philadelphia, for appellee.

Before DEL SOLE, KELLY and FORD ELLIOTT, JJ.

DEL SOLE, Judge:

This is an appeal from an order striking a Statement of Claim for adverse possession pursuant to 68 P.S. § 81.[1] Finding that in an Action to Quiet Title, Pennsylvania Rule of Civil Procedure 1066(b)(3), does not allow a trial court to make such determination relative to any document, deed or obligation prior to granting relief to the plaintiff and entering final judgment, we vacate the trial court order striking the Statement of Claim and remand for further proceedings.

Appellants, John and Janet Campbell, own property which abuts the north side of a site purchased by Appellee, Reed Road Associates, for development as a shopping center. Beyond both properties lies Elm Place, an undedicated, unopened paper street to which the Campbells filed a Statement of Claim of Title Acquired by Adverse Possession. As a result of that claim, Reed Road alleges that the development plans for the site it had purchased were disapproved.

Reed Road then filed this action to quiet title alleging, inter alia, slander of title[2] to the portion of Elm Place it claimed by purchase. In a conference called to determine discovery matters, the trial court *sua sponte* questioned the propriety of the Statement of Claim filed. Briefs on the

1. The August 7, 1989, trial court order states:
 AND NOW, this 7th day of August, 1989, it is hereby Ordered that the Statement of Claim of Title Acquired by Adverse Possession of John R. Campbell and Janet L. Campbell, dated April 8, 1987, and recorded in the office for recording of Deeds of Montgomery County in Deed Book No. 4834, Pages 1437–1440, shall be stricken by the Recorder of Deeds.

2. "Slander of title is the false and malicious statement, oral or written, made in disparagement of a person's title to real property.... The element of malice, express or implied, in making slanderous statements respecting the title of another's property, is essential to the recovery of damages, and in the absence of proof of such malice the action will fail. While the statement may be false, or made without right, there can be no legal malice and no action will lie, if it is made in good faith and with probable cause. If the statement is made by a stranger, the law presumes malice; but if the party making the statement is himself interested in the matter and announces the defect of title in good faith, either to protect his own interest or to prevent the commission of a fraud, there is no presumption of malice." (Citations omitted.) 5 Thompson on Real Property § 2395 at 194–95.

issue were requested, received, and reviewed. The trial court then ordered that the Statement of Claim be struck by the Recorder of Deeds.

The Campbells have appealed from this trial court order asserting that their right to Elm Place by adverse possession has been denied. Reed Road, contending that the order of the trial court from which appeal has been taken neither disposes of the litigation between the parties nor the merits of the Campbells' claim for adverse possession, argues that the Campbells' appeal should be quashed. We decline to do so.

Under the doctrine, enunciated in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and first applied in this Commonwealth in *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975), this trial court order, must be considered an appealable collateral order, such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Katz v. Katz*, 356 Pa.Super. 461, 514 A.2d 1374 (1986).

This order is not a final order in the sense that it ends the litigation, fixes the rights, duties, or liabilities of the parties, puts a party out of court, or disposes of the entire case. *United States National Bank in Johnstown v. Johnson*, 506 Pa. 622, 487 A.2d 809 (1985), *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974). However, this does not end our inquiry. As was stated in *Bell, supra*, 465 Pa. at 228, 348 A.2d 734:

> The finality of an order cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. We follow the reasoning of the United States Supreme Court that a finding of finality must be the result of a practical rather than a technical construction. *Cohen, supra*.

■ The courts of Pennsylvania have adopted and followed the rule announced in *Cohen* which recognizes an exception to the final judgment rule. Under *Cohen*, an order which is separable from and collateral to a cause of action may become appealable under certain circumstances. Those circumstances, all of which must be present, are: (1) the order is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Id.*

■ A Statement of Claim is filed by a party who claims title to real estate by adverse possession, and the Statement is recorded and indexed as though it were a deed. Unless this Statement is recorded as provided by statute, any claim against a purchaser without actual notice, is invalid and the party thus claiming adverse possession will not prevail. 68 P.S. §§ 81–86. This right to file a Statement of Claim, which protects a claimant's interest in real property as against a purchaser without notice during the pendency of what may be lengthy proceedings, is a significant right, and is too important to be denied review until the end of the proceedings.

Thus, if review of the present order were postponed until the end of the proceedings, claimants may easily lose their rights in such disputed property. Those individuals who file a Statement of Claim, are claiming adverse possession of a disputed parcel of property as against the record owner of the land. If the record owner sells this parcel to a purchaser without actual notice during the pendency of the underlying proceedings, a claimant's rights in the land will be irretrievably lost. It is clear from the statute, 68 P.S. § 86, that without record notice such a claim is invalid, and cannot prevail against the rights of the purchaser.

It may well be that the Campbells' claim that the Statement of Claim should not have been stricken is meritless, and that because they are presently in possession of the disputed property, any prospective buyer would have actual notice, and there is no need or right to file a Statement of

Claim. However, this is irrelevant to the issue of whether the present order should be reviewed by this court prior to termination of the underlying proceedings. Rather, we must examine what the ramifications of denying such an appeal would be, not whether this particular appellant would be harmed by postponing review. 68 P.S. § 86 very clearly states that if the Statement of Claim is not recorded, "no title to lands by twenty-one years' adverse possession, as aforesaid, shall avail against any purchaser, mortgagee, or judgment creditor for value, without notice, his heirs and assigns ..." Therefore, the claimant will not be able to gain title to the real property, and the claimed right to ownership will be irreparably lost. Furthermore, it is unquestioned that the claimant to real property can not be compensated through payment of damages. Hence, after examining the ramifications of postponing review, it is clear that an order striking a Statement of Claim is appealable as a collateral order. Denial of such review, will easily result in the irreparable loss of rights in property claimed by adverse possession, and therefore, it is a final order under *Cohen v. Beneficial Industrial Loan Corp., supra.*

The Campbells contend that (1) the statement of claim of title acquired by adverse possession was properly filed, and (2) the trial court was premature in *sua sponte* striking the statement of claim. We agree.

█ The trial court determined the filing of the Statement of Claim as improper under the following analysis:

The statute conditions the filing of a Statement of Claim upon two elements. First, the claimant must acquire or claim to have acquired title to the property by twenty-one years' adverse possession. Second, the claimant must be out of possession of the real estate and file his claim within six months from the time he has withdrawn from possession. Filing a Statement of Claim pursuant to 68 P.S. § 81 (1901) is only proper when both of these requirements are met.

Trial court opinion, 12/4/89 at 2.

We note, however, at least one authority states:

Title acquired by adverse possession may be recorded. If the holder of such title leaves possession, he *must* record his claim to title within six months thereafter; otherwise his title will not be good as against bona fide purchasers from or judgment creditors or mortgagees of the record title holder (or his heirs) without notice. The Act [of May 31, 1901, P.L. 352, 68 P.S. § 81 et seq.] prescribes the form of the document and the manner in which it is to be recorded (emphasis in the original).

Ladner on Conveyancing in Pennsylvania (4th ed.) § 4.08. Other authorities have also noted that it is "possible to register an ownership obtained by adverse possession." 7 E.J. Powell and P.J. Rohan (ed.) Law of Real Property 1017 at 91–77. *See also Burns v. Mitchell*, 252 Pa.Super. 257, 262–263, 381 A.2d 487, 489–490 (1977). We concur in Ladner's analysis of 68 P.S. § 81 et seq., finding the recording of title acquired by adverse possession to be permissive when the claimant is in possession.

 Having concluded that a Statement of Claim may be filed to assert adverse possession by one in possession, we must then look to the effect of the Rules of Civil Procedure governing Actions to Quiet Title, Pa.R.C.P. 1066 et seq., upon a trial court order that the recorder of deeds strike such Statement of Claim.[3]

Pennsylvania Rule of Civil Procedure 1066(b)(3) provides, in pertinent part, as follows:

**3.** The trial court indicates that the Campbells have consistently maintained their possession of Elm Place has been continuous and uninterrupted. Trial court opinion, 12/4/89 at 2. Hence we question whether Reed Road has, in fact filed the proper action:

§ 120.2. Ejectment and action to quiet title distinguished

Generally, ejectment lies where the defendant is in possession of land claimed by the plaintiff; and if the plaintiff is in possession of land claimed by the defendant, the remedy of the plaintiff is by an action to quiet title.... The purpose of an ejectment action, as opposed to an action to quiet title, is not to determine the relative and respective rights of all potential titleholders, but rather to determine the immediate rights between the plaintiff and the defendant involved in that particular litigation. (Citations omitted.)

22 Standard Pennsylvania Practice (2d) § 120.2 at 169–70.

**(b)** *Upon granting relief to the plaintiff,* the court

\* \* \* \* \* \*

(3) *shall enter a final judgment ordering* the defendant, the prothonotary, or *the recorder of deeds to* file, record, *cancel,* surrender or satisfy of record, as the case may be, *any* plan, *document,* obligation or deed *determined to be* valid, *invalid,* satisfied or discharged, and to execute and deliver any document, obligation or deed necessary *to make the decree effective;* ... (emphasis added).

We now apply Pa.R.C.P. 1066(b)(3) to the facts and circumstances of the present case. Our review of this record reveals that the trial court has not yet granted relief to the plaintiff nor entered final judgment in this action to quiet title. Consequently, we conclude that the trial court may not order the recorder of deeds to strike the Statement of Claim to Title Acquired by Adverse Possession prior to granting relief to the plaintiff and entering final judgment in the action to quiet title.

Order vacated and remanded. Jurisdiction relinquished.