James HAGGAR

v.

CARBON COUNTY TAX
CLAIM BUREAU

Appeal of Penn Investments, LLC.

Commonwealth Court of Pennsylvania.

Submitted Aug. 8, 2003.
Decided Oct. 6, 2003.
Publication Ordered Jan. 2, 2004.

Anthony Roberti, Jim Thorpe, for appellant.

Daniel A. Miscavige, Hazleton, for appellee, Carbon County Tax Claim Bureau.

Marshall L. Grabois, Ambler, for appellee, J. Haggar.

BEFORE: COLINS, President Judge, McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY PRESIDENT JUDGE COLINS.

Penn Investments, LLC (Appellant) appeals from the August 5, 2003 Order of the Court of Common Pleas of Carbon County (trial court) denying its petition to intervene in the Petition to Set Aside Upset Tax Sale filed on behalf of James Haggar. The trial court concluded that Penn Investments lacked standing to participate in the underlying action. We conclude the order is appealable; and reverse and remand to the trial court.

On November 7, 2002, James Haggar filed objections and exceptions to the tax sale and sought to set aside the Carbon County Tax Claim Bureau's (tax bureau) tax sale of his house to Glen Keller and/or Penn Investments. (See Original Pleading, averments 5a through 5d.) That matter identified in the common pleas court as No. 02–2237 shall hereinafter be referred to as the Haggar litigation. Haggar alleged that the upset sale was improper and in violation of the law of the Commonwealth because there was no tax delinquency, and among other things, that the successful bidder for the property lacked legal standing to bid and/or take title to the property. (See Objection Petition, averments 4a and 4k). Haggar further alleged that bidder was "Glenn Keller, ... and that Glenn Keller manipulated his identity by the creation of a straw party or otherwise non-legal name of Penn Investments, which manipulation is specifically prohibited by the ... Real Estate Tax Law." (Objection Petition, averments 5a and 5d.) On November 22, 2002, the tax bureau filed its answer, and on December 4, 2002 Penn Investments filed a petition to intervene with a rule returnable (rule) date of December 2, 2002. The rule was scheduled before the trial court for February 4, 2003. The record before this Court contains the Notes of Testimony from the February 4, 2003 proceedings, and reflects that the respective positions on the motion to intervene were presented.

Initially, the trial court reasoned that its order was interlocutory and not appealable as of right. While the trial court was correct in its recitation of the law, it failed to observe that appealability may be permitted by permission pursuant to Pa. R.A.P. 312, or as a collateral order pursuant to Pa. R.A.P. 313. Alternatively, the trial court concluded that if the order is not interlocutory, it remains unappealable as Penn Investments lacked standing to pursue the litigation.

In his opinion in support of the order denying intervention, the trial court found that a certificate of formation was filed on behalf of Penn Investments on October 28, 2002, thirty-eight days after the sale of Haggar's property. The trial court found no evidence of record indicating that Penn Investments purchased the property. The trial court further found that there is no evidence that Glen Keller, as an agent for Penn Investments, purchased the property at issue. Thereafter, the trial court denied the motion to intervene. This appeal filed by Penn Investments followed.

■ Our review of this appeal is limited to whether the trial court abused its discretion or erred as a matter of law. *Acorn Development Corp. v. Zoning Hearing Board of Upper Merion Township*, 105 Pa.Cmwlth. 138, 523 A.2d 436 (1987), *appeal denied sub nom. Upper Merion Concerned Citizens Committee, Inc. v. Acorn*

*Development Corp.*, 517 Pa. 632, 539 A.2d 813 (1988). In presenting its issues, Penn Investments asks this Court to vacate and remand the matter back to the trial court for a hearing on the petition to intervene. We find no merit to Penn Investments contention that the trial court did not present the litigants with a hearing on the motion to intervene.

█ The February 4, 2003 proceedings before the trial court were transcribed. The matter was scheduled for a hearing, and there is nothing of record indicating that the trial court denied counsel, for either side, the opportunity to present evidence. Rather, the record indicates that court was opened and counsel for each litigant presented argument to the court. Each counsel apparently felt comfortable with his presentation because when the trial court asked if there was anything further, both attorneys answered in the negative. It is incumbent upon the attorneys to present evidence to the court. The court is not responsible for, and is in fact prohibited from, in any way practicing law for litigants. (Judicial Canon 5F.) It is many times, that a judge sits and hears the argument of counsel, and quietly wonders why a particular tack is being pursued. However, once cloaked in the black robes of justice, judicial rule dictates that temperance be honored, and advice to counsel infrequent. (Judicial Canons 3, 5.) The trial court honored that hard and fast rule, and we find no error in its having done so. However, this does not end our inquiry. We simply conclude that a proper hearing was held, and now review whether there was error in denying the motion to intervene.

An order denying intervention is not appealable under Pa. R.A.P.[1] 341; however, it may be appealable under either Rule

312 (interlocutory appeals by permission) or Rule 313 (collateral orders). Since there was no Rule 312 filing, the matter squarely before this Court is whether the trial court's order is a collateral order and thus appealable under Rule 313.

█ Under the collateral order doctrine, set forth in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), first applied in this Commonwealth in *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975), and further refined in *Geniviva v. Frisk*, 555 Pa. 589, 725 A.2d 1209 (1999), the trial court order must be considered an appealable collateral order, such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Reed Rd. Assoc. v. Campbell*, 400 Pa.Super. 119, 582 A.2d 1373 (1990) (*citing Katz v. Katz*, 356 Pa.Super. 461, 514 A.2d 1374 (1986)); *Watson v. City of Philadelphia*, 665 A.2d 1315 (Pa.Cmwlth.1995). The order need not be final such that the finality is conclusive. The finality of an order is a judicial conclusion, which can be reached only after an examination of its ramifications. *Cohen.* Narrow construction of the collateral order doctrine is required to protect the integrity of the fundamental principle that only final orders are appealable. *Geniviva; Watson.*

Penn Investments contends that it may appeal the trial court's order under the collateral order exception of Rule 313. Specifically, Penn Investments asserts that it has a legal interest in the real estate associated with the Haggar litigation, and those issues involving property rights are too important to be denied review. Additionally, Penn Investments asserts that intervention in the Haggar litigation is its sole means for defending its right to own-

---

1. Pa. R.A.P. shall hereinafter be generally referred to as Rule.

ership of the property in question, and as such it is an indispensable party to the action.

In concluding that Penn Investments lacks standing to intervene in this action, the trial court ignored the pleadings and disregarded the fact that Penn Investments is a named protagonist in Haggar's pleading. Specifically, in averment No. 5 Haggar claims that Glenn Keller fraudulently misrepresented himself and the business trading as Penn Investments. Penn Investments was not named in that action, and sought to intervene presumably to defend its name and interests. Further, Haggar alleged that Penn Investments inappropriately and fraudulently took title to the property at issue through the alleged misrepresentations. These serious charges of misconduct are directed at Penn Investments. To deny Penn Investments its day in court is to deny Penn Investments an opportunity to defend itself and shakes the very foundation of our legal system, and denies an individual the right to protect its interest in property, which violates public policy. *Larock v. Sugarloaf Township Zoning Hearing Board,* 740 A.2d 308 (Pa.Cmwlth.1999).

In light of Haggar's pleadings, and the evidence of record, the trial court both abused its discretion and erred as a matter of law in denying Penn Investments motion to intervene. Accordingly, the order is reversed; the matter is remanded to the trial court with direction that Penn Investments be granted Intervenor status.

### *ORDER*

AND NOW, this 6th day of October 2003, the order of the Court of Common Pleas of Carbon County is reversed, the matter is remanded to the Court of Common Pleas of Carbon County with direction that Penn Investments be granted Intervenor status.

Jurisdiction is relinquished.