J-A30027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

FRANCIS MICKAVICZ

Appellant

v.

LOUIS MICKAVICZ

: IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 320 MDA 2019

Appeal from the Order Entered February 4, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2841 CV 2016,
452 CV 2018

BEFORE: DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED DECEMBER 03, 2019**

Appellant Francis Mickavicz appeals from the order dismissing his petition to strike amended statement of claim against Appellee Louis Mickavicz. On appeal, Appellant challenges whether the trial court erred in dismissing Appellant's petition. For the following reasons, we quash the appeal.

The parties are familiar with the facts underlying this appeal, so we do not restate them here. In pertinent part, on May 5, 2016, Appellant filed a petition to strike off an amended statement of claim[1] to the disputed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In **_Reed Road Assocs. v. Campbell_**, 582 A.2d 1373 (Pa. Super. 1990), this Court explained as follows:

properties, in a case docketed at 2016-2841.[2]  On June 1, 2016, the trial court

dismissed the petition without prejudice and stated that "further proceedings"

must comply with the Pennsylvania Rules of Civil Procedure governing the

commencement of an action and an action to quiet title.  Order, 6/1/16.[3]

On January 18, 2018, Appellant filed a complaint to quiet title of the

properties in dispute, which was docketed at 2018-452.  Appellee filed

preliminary objections claiming Appellant failed to state a cause of action and

Appellant had previously filed a similar action, which was dismissed in 2016.

The trial court sustained the preliminary objections, ruling that Appellant failed

---

A Statement of Claim is filed by a party who claims title to real estate by adverse possession, and the Statement is recorded and indexed as though it were a deed. Unless this Statement is recorded as provided by statute, any claim against a purchaser without actual notice, is invalid and the party thus claiming adverse possession will not prevail.  This right to file a Statement of Claim, which protects a claimant's interest in real property as against a purchaser without notice during the pendency of what may be lengthy proceedings, is a significant right, and is too important to be denied review until the end of the proceedings.

*Campbell*, 582 A.2d at 1374-75 (citations omitted).

[2] The record at 2016-2841 was not transmitted to this Court.  Rather, the docket for that action was included as part of the reproduced record for the underlying action, which has a docket number of 2018-452.

[3] This order, which would have been part of the record at 2016-2841, was not transmitted to this Court but was included in the reproduced record.

to state a cause of action to quiet title and dismissing the complaint **without prejudice**.  Order, 8/16/18.[4]

Notwithstanding the dismissal of the action, Appellant filed a petition to strike off Appellee's amended statement of claim on October 1, 2018.  The trial court took no action.  On December 5, 2018, Appellant filed another identical petition.  The trial court held an evidentiary hearing on December 6, 2018.  At the beginning of the hearing, the parties agreed that the dockets for 2016-2841 and 2018-452 were consolidated.  N.T. Hr'g, 12/6/18, at 3.[5]  The trial court deferred ruling, and ultimately dismissed Appellant's petition to strike amended statement of claim on February 4, 2019.  The trial court's

---

[4] Specifically, the order stated that Appellant "failed to state a cause of action for a quiet title action" and "all references to quiet title should be stricken from the complaint **without** prejudice."  Order, 8/16/18, at 1 (emphasis in original and some formatting omitted).  Because Appellant's sole claim was to quiet title, the impact of the trial court's phrasing was to dismiss the claim without prejudice.  **See also** Trial Ct. Op., 2/4/19, at 1 (construing August 16th order as having "the effect of dismissing, at that time," Appellant's action to quiet title).  By implication, the trial court permitted Appellant to refile his complaint, presumably curing the deficiencies identified by the trial court.  The trial court did not impose a deadline within which to file an amended complaint.

[5] This transcript, which was in the reproduced record, was not transmitted to this Court as part of the certified record.  We remind the parties that they "have a duty to take steps necessary to assure that the appellate court has a complete record on appeal, so that the appellate court has the materials necessary to review the issues raised on appeal.  Ultimate responsibility for a complete record rests with the party raising an issue" on appeal.  Pa.R.A.P. 1921 cmt.  Because neither party disputes the accuracy of the transcript, this Court will consider it.  **See id.**

order listed the caption numbers for both dockets, but was only actually docketed at 2018-452. Appellant filed a timely notice of appeal and timely filed a court-ordered Pa.R.A.P. 1925(b) statement at docket 2018-452.[6]

Appellant raises one issue: "Whether an individual who isn't a party to a cause of action, or as in this case, a statement of claim, can unilaterally and without permission or leave of court pursuant to [Pa.R.C.P.] 1033 amend pleadings of record?" Appellant's Brief at 4 (some alterations).

Initially, we address whether we have jurisdiction. *See Massaro v. Tincher Contracting LLC*, 204 A.3d 932, 933 (Pa. Super. 2019) ("We may raise whether this Court has jurisdiction *sua sponte*." (citation omitted)).

All civil claims must be raised in a civil action. *See* Pa.R.C.P. 1001 ("There shall be a 'civil action' in which shall be brought all claims for relief"). "A cause of action is the state of facts which entitle a person to seek a judicial remedy in his behalf." *Nuhfer v. Nuhfer*, 599 A.2d 1348, 1350 (Pa. Super. 1991) (citation and quotation marks omitted). "A cause of action consists of a cognizable right and its wrongful violation." *Kosjer v. Commonwealth*

---

[6] Appellant did not file a notice of appeal in docket 2016-2841 because the trial court did not docket the underlying order in 2016-2841. We remind the parties that our Supreme Court in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Walker*, 185 A.3d at 977 (footnote omitted). In light of our disposition, however, we need not apply *Walker*.

*Dept. of Public Welfare*, 464 A.2d 687, 688 (Pa. Cmwlth. 1983). "A wrong cognizable in court is a violation of such a right, and results in a cause of action if it produces an injury to the holder of the right." *Id.* (citations omitted).

A cause of action must be raised in a pleading, specifically a complaint. *See* Pa.R.C.P. 1017. The actual filing of a complaint containing a cause of action commences the civil action. *See* Pa.R.C.P. 1007.[7] A party may file a preliminary objection to the complaint that seeks to dismiss the complaint. *See* Pa.R.C.P. 1028. The trial court may sustain such a preliminary objection but grant the plaintiff leave to amend the complaint. Such an order is generally considered interlocutory. *See Mier v. Stewart*, 683 A.2d 930 (Pa. Super. 1996) (holding that order dismissing cause of action without prejudice and permitting plaintiff to file amended complaint was interlocutory).

Here, on August 16, 2018, the trial court sustained Appellee's preliminary objections and dismissed without prejudice Appellant's civil action to quiet title. Order, 8/16/18. Appellant, however, elected to not file an amended complaint and instead filed a petition to strike amended statement of claim. But the trial court had dismissed Appellant's complaint without prejudice. Without a complaint, there is no civil action. *See* Pa.R.C.P. 1007.

_____

[7] We acknowledge that a civil action may be commenced by filing a *praecipe* for a writ of summons. That distinction is unnecessary for our disposition.

Without a civil action, there is no cause of action upon which Appellant could file such a petition for relief. *See* Pa.R.C.P. 1001, 1007; ***Nuhfer***, 599 A.2d at 1350. The trial court properly concluded no civil action was before it. Accordingly, the order appealed from is void, and we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2019