IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKeesport Housing Authority, :
     Appellant :
         : No. 1730 C.D. 2018
    v.   :
         : Submitted:  September 20, 2019
Carlisha Nicholson, Tywann Smith, :
and Tyler Smith   :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE ANNE E. COVEY, Judge
    HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH     FILED:  January 30, 2020

   McKeesport Housing Authority (Authority) appeals from the December 17, 2018 order of the Court of Common Pleas of Allegheny County (trial court) that granted the motion of Carlisha Nicholson (Tenant) to file a late appeal from an order of a Magisterial District Judge (MDJ) entering judgment in an ejectment action in favor of the Authority and against Tenant and her two adult sons, Tywann and Tyler Smith, both of whom live with Tenant.

   The underlying facts of this case are not in dispute.  Tenant resided with her sons at Harrison Village, which consisted of subsidized low-income apartments operated by the Authority in McKeesport, Pennsylvania.  Tenant's rent was $50.00 per month.  However, Tenant became several months behind in her rent payments.  On November 8, 2018, the Authority initiated an ejectment action against Tenant before

the MDJ. On November 15, 2018, the MDJ entered judgment in favor of the Authority and against Tenant in the amount of $1,251.73, representing rental arrears of $935.23, plus costs totaling $316.50. The notice of judgment further granted the Authority possession of the property if the money judgment was not satisfied by the time of eviction. This notice also advised Tenant that she had 10 days from the date of entry of judgment to file an appeal with the trial court. Tenant did not file an appeal within this 10-day period and an eviction was scheduled for December 18, 2018. (Reproduced Record (R.R.) at 4a-8a.)[1]

On December 14, 2018, four days prior to the scheduled eviction, Tenant filed a motion with the trial court seeking to file a late appeal of the MDJ's judgment. (R.R. at 8a-10a.) In explaining why she sought to file a late appeal, Tenant explained, "The reason why I [sic] appealing this case is because I lost my job which was paying me $12 an hour [sic] filed for unemployment didn't get that just got back up[,] [b]ut working part time at Dollar Tree in McKeesport[.]" (R.R. at 9a.) Tenant attached a certificate of service indicating that she hand-delivered a copy of her motion to the Authority that same day. (R.R. at 11a.) Sometime before 9:00 a.m. on December 17, 2018, the Authority alleges that Tenant placed in the Authority's mail slot a notice of her intention to present her motion to the trial court later that morning, after which counsel for the Authority immediately contacted the trial court and requested and received permission to oppose Tenant's motion via telephone. (R.R. at 36a.)

Following argument, by order of the same date, the trial court granted Tenant's motion to file a late appeal. The trial court directed Tenant to file her appeal by the close of business on December 17, 2018, and warned Tenant that the eviction would proceed on December 31, 2018, if she failed to meet this deadline. Tenant did

---

[1] The underlying facts of this case are also garnered from the original record, which includes additional documents that are not part of the reproduced record submitted by the Authority.

in fact file a notice of appeal of the MDJ's judgment later that day. Two days later, on December 19, 2018, the Authority filed a response to Tenant's motion in light of its insufficient advance notice of argument and in order to memorialize its objection to the same. In its response, the Authority notes that Tenant failed to allege, let alone prove, that her untimely appeal was the result of administrative error, fraud, or negligence, which was required before the trial court could grant her motion to file a late appeal. (R.R. at 12a, 17a-20a.)

On December 27, 2018, the Authority filed a notice of appeal with the trial court. By order dated January 3, 2019, the trial court directed the Authority to file a concise statement of errors complained of on appeal. The Authority timely filed a concise statement on January 15, 2019, alleging that the trial court erred in granting Tenant's motion because she failed to prove fraud or a breakdown in the court's processes; in allowing Tenant to present her motion on December 17, 2018, without providing the Authority with the required 10-day advance notice under Local Rule 208.3(a)(2)(b); and in violating the Authority's procedural and due process rights by hearing Tenant's motion on that date. (R.R. at 27a-39a.)

The trial court subsequently issued a memorandum in lieu of opinion suggesting that its December 17, 2018 order was interlocutory and that the Authority's appeal should be quashed. The trial court explained that its December 17, 2018 order was not a final order under Rule 341 of the Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) as it did not dispose of the Authority's claims, was not expressly defined as a final order by statute, and does not put the Authority out of court. The trial court noted that its order merely permitted a trial *de novo* on the issues presented to the MDJ, which would have disposed of those issues had the Authority not filed its current appeal. (R.R. at 41a-44a.)

3

On appeal,[2] the Authority argues that the trial court's order was appealable as a collateral order pursuant to Pa.R.A.P. 313; that the trial court erred in granting Tenant's motion because Tenant failed to meet the standard for a late appeal, referred to as appeal *nunc pro tunc*; and that the trial court deprived the Authority of due process when it considered Tenant's motion without sufficient notice.[3]

"Generally speaking, an appellate court's jurisdiction extends only to review of final orders. *See* Pa.R.A.P. 341 ('[A]n appeal may be taken as of right from any final order.')." *Shearer v. Hafer*, 177 A.3d 850, 855 (Pa. 2018). Indeed, our Pennsylvania Supreme Court in *Shearer* explained that "[t]he final order rule reflects the long-held limitation on review by both federal and state appellate courts. Considering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency." *Id.* (citation omitted). However, in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 546 (1949), our United States Supreme Court, acknowledging the harshness of the final order rule in certain situations,

> explicitly recognized an exception to the rule through the collateral order doctrine, which permitted the appeal of a narrow class of orders which address claims of right "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause [of action] itself to require that appellate consideration be deferred until the whole case is adjudicated."

---

[2] By order of this Court dated January 22, 2019, this Court directed the parties to address the appealability of the trial court's order. The issue of whether an order is appealable under the collateral order doctrine under Pa.R.A.P. 313 is a question of law, subject to a *de novo* standard of review, and the scope of review is plenary. *Shearer v. Hafer*, 177 A.3d 850, 855 (Pa. 2018).

[3] By order of this Court dated September 16, 2019, Tenant was precluded from filing a brief or participating in oral argument, if such argument was scheduled.

*Shearer*, 177 A.3d at 856.

The collateral order rule in Pennsylvania is found in Pa.R.A.P. 313, which provides as follows:

> (a) General rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> (b) Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Under this rule, an order is an appealable collateral order if it is "(1) separable from and collateral to the main cause of action, (2) implicates rights which are too important to be denied review, and (3) the appellant's claim as to that order will be lost if postponed until final judgment." *Rae v. Pennsylvania Funeral Directors Association*, 977 A.2d 1121, 1124 (Pa. 2009). Moreover, "[a]s an exception to the rule of finality, the collateral order doctrine is to be interpreted narrowly, and each prong of the doctrine must be clearly present before an order may be considered collateral." *Gerold v. Vehling*, 89 A.3d 767, 770 (Pa. Cmwlth. 2014).

"In determining whether an order is separable from and collateral to the main cause of action, the court must decide whether the claimed rights affected by the order are also ingredients in the main cause of action." *Fayette County Office of Planning, Zoning and Community Development v. Fayette County Zoning Hearing Board*, 981 A.2d 336, 341 (Pa. Cmwlth. 2009). In other words, as described by our Pennsylvania Supreme Court, a collateral order is an order that is "entirely distinct from the underlying issue in the case." *Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015). In the present case, the order from which the Authority sought to appeal simply

5

granted Tenant's motion to file a *nunc pro tunc* appeal and involved an issue of jurisdiction, whereas the underlying merits issue involved Tenant's eviction from one of the Authority's properties. Hence, we agree with the Authority that it met the first prong of the collateral order doctrine.

The second prong requires that the order implicates a right too important to be denied review. With respect to the second prong, a right is important if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Id.* (citing *Commonwealth v. Williams*, 86 A.3d 771, 781 (Pa. 2014)). "Additionally, 'the order [must] involve[] rights deeply rooted in public policy going beyond the particular litigation at hand" and "[i]t is not sufficient that the issue is important to the particular parties involved." *Id.* In the present case, the Authority raised fundamental issues of jurisdiction and due process with respect to the trial court's grant of Tenant's motion. This Court has previously held such issues meet the second prong of the collateral order doctrine. *See Commonwealth, ex. Rel. Kane v. Philip Morris, Inc.*, 128 A.3d 334, 344 (Pa. Cmwlth. 2015) (holding that "the implication of due process concerns is too important to be denied review"); *In re Sheriff's Excess Proceeds Litigation*, 98 A.3d 706, 7 (Pa. Cmwlth. 2014) (holding that "jurisdiction meets the importance prong of Pa.R.A.P. 313(b)").

Finally, the third prong requires that a claim will be irreparably lost if review is postponed until final judgment in the case. In examining this prong, we ask "whether a right is 'adequately vindicable' or 'effectively reviewable.'" *Geniviva v. Frisk*, 725 A.2d 1209, 1213 (Pa. 1999). Essentially, the question is whether an erroneous trial court ruling "cannot be undone." *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999). "This question cannot be answered without a judgment about the value

6

interests that would be lost through rigorous application of a final judgment requirement. For instance, the substantial cost a party would incur in defending a claim may equate to an irreparable loss of a right to avoid the burden entirely." *Philip Morris, Inc.*, 128 A.3d at 345. It is with this prong where our disagreement with the Authority lies.

The Authority contends that the issues it raised, relating to jurisdiction and due process, meet the third prong. Traditionally, the collateral order doctrine has been used in situations where an order requires production of documents that one side claims is privileged, *i.e.*, once the documents are turned over to the other party, the action cannot be undone, or in certain instances involving denial of a motion to intervene. *See*, *e.g.*, *Ben* (order directing the Bureau of Professional and Occupational Affairs to produce its investigative file pertaining to complaints filed against a dentist, which purportedly contained privileged information, was appealable as a collateral order); *Haggar v. Carbon County Tax Claim Bureau*, 839 A.2d 448 (Pa. Cmwlth. 2003) (order denying intervention of tax sale purchaser was appealable as a collateral order).

Such concerns are not present in this case. Rather, the underlying issues herein relate to Tenant's failure to pay rent and the MDJ's subsequent judgment in favor of the Authority, which may ultimately result in Tenant's eviction from the Authority's subsidized housing. Such issues are fairly straightforward and will not require the Authority to expend substantial costs in defending against Tenant's *nunc pro tunc* appeal. Moreover, the Authority's ability to challenge the trial court's order granting Tenant's motion will not be irreparably lost if review is postponed until final judgment on the merits. *See H.R. v. Department of Public Welfare*, 676 A.2d 755, 759-60 (Pa. Cmwlth. 1996) ("An order sustaining subject matter jurisdiction . . . is fully reviewable on appeal from a final judgment . . . . Thus, even if review were postponed

7

until after final judgment in this case, Petitioners' claim raising the jurisdictional . . . questions would *not* be irreparably lost.") (emphasis in original); *see also Darlington, et. al,* 20 West's Pennsylvania Appellate Practice §313.107.8 (2018-2019 ed.) (stating that an order sustaining subject matter jurisdiction is not appealable under the collateral order doctrine because the right to review is not irreparably lost without an immediate appeal). As the Authority has not satisfied the final prong of the collateral order doctrine, we must conclude the trial court's order is not appealable under Pa.R.A.P. 313(b).[4]

In short, if and when the trial court issues a final order in this matter, the Authority can file an appeal to this Court and raise the issue of whether the trial court erred in granting Tenant's *nunc pro tunc* appeal. Unless or until the trial court enters a final order, this Court simply lacks jurisdiction to entertain an appeal where, as here, the appeal fails to satisfy the collateral order doctrine. *See Commonwealth v. Garcia,* 43 A.3d 470, 471-72 (Pa. 2012) (concluding that the Superior Court had no jurisdiction over the appeal and quashing the appeal because it was taken from a judgment of sentence imposed by a MDJ and no final order was entered by the court of common pleas).

Accordingly, because we lack jurisdiction to consider the Authority's appeal, said appeal must be quashed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Based upon our determination above, we need not address the Authority's remaining issues on appeal related to Tenant's purported failure to meet the standard for a late appeal or the trial court's purported deprivation of the Authority's right to due process.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKeesport Housing Authority,     :
            Appellant     :
                           :    No. 1730 C.D. 2018
       v.                 :
                           :
Carlisha Nicholson, Tywann Smith,     :
and Tyler Smith                 :

## *<u>ORDER</u>*

AND NOW, this 30th day of January, 2020, the appeal of the McKeesport Housing Authority from the December 17, 2018 order of the Court of Common Pleas of Allegheny County is hereby quashed.

_____
PATRICIA A. McCULLOUGH, Judge