J. A02034/20

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

PENNENERGY RESOURCES, LLC,     :     IN THE SUPERIOR COURT OF
    :     PENNSYLVANIA
         Appellant     :
    :
       v.     :
    :     No. 1091 WDA 2019
WINFIELD RESOURCES, LLC AND     :
MDS ENERGY DEVELOPMENT, LLC     :

Appeal from the Order Entered June 28, 2019,
in the Court of Common Pleas of Allegheny County
Civil Division at No GD-19-008604

BEFORE:  SHOGAN, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         FILED JUNE 26, 2020

PennEnergy Resources, LLC ("PennEnergy"), appeals from the June 28, 2019 order, entered in the Court of Common Pleas of Allegheny County, striking PennEnergy's Petition to Vacate Arbitration Award and ordering PennEnergy to "file and serve Amended Petition to Vacate Arbitration Award upon [appellee, MDS Energy Development, LLC ("MDS")] that includes a notice of presentment and rule to show cause[,] as required by Pa.R.[Civ].P. 206.5(b) in order to require [MDS] to respond to the petition." (Trial court order, 6/28/19.)  After careful review, we quash this appeal.[1]

---

[1] We note that Winfield Resources, LLC ("Winfield"), has not filed an appellate brief.

The record reflects that on May 15, 2019, following an arbitration hearing pursuant to the rules of the American Arbitration Association, an arbitration award was entered in favor of MDS, and against PennEnergy, in the amount of $2.4 million.[2]  PennEnergy filed a timely petition to vacate arbitration award.  MDS responded by filing a motion to strike, alleging that PennEnergy's petition was infirm because PennEnergy failed to attach a notice of presentment in accordance with Pa.R.Civ.P. 206.5.  (MDS's motion, 6/18/19 at ¶¶ 2, 5, 11, 15.)  Winfield did not join in the motion.  PennEnergy filed a response.  On June 28, 2019, after argument in motions court, an order was entered striking PennEnergy's petition and requiring PennEnergy to file an amended petition that included a Rule 206.5 notice of presentment and a rule to show cause why the arbitration award should not be stricken.  (Trial court order, 6/28/19.)  On the same date, PennEnergy filed and served an amended petition that complied with the trial court's order.

On July 2, 2019, MDS sent PennEnergy notice of its intention to present a motion to strike the amended petition.[3]  PennEnergy filed a reply to MDS's motion to strike amended petition on July 12, 2019.  Prior to disposition

---

[2] No damages were awarded to Winfield.

[3] Under local rules of court, "[a] motion may be presented only after service of the copy of the motion and notice of the date of presentation on all other parties."  Allegheny County Local Rule 208.3(a)(2)(b).  MDS's motion to strike amended petition was presented but has neither been disposed of nor docketed.  Winfield is averred to have joined in this motion.  (PennEnergy's letter in response to this court's rule to show cause, 8/20/19 at 2, Exhibit 2.)

by the trial court, PennEnergy filed an appeal from the June 28, 2019 order. The trial court then ordered PennEnergy to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). PennEnergy timely complied. Thereafter, the court filed its Rule 1925(a) opinion.

On August 7, 2019, this court issued upon PennEnergy a rule to show cause as to why this appeal should not be quashed as interlocutory. PennEnergy timely responded. On August 22, 2019, this court discharged the show-cause order, referred the appealability issue to this merits panel, and directed the parties to be prepared to address the issue in their briefs and at oral argument. PennEnergy and MDS have filed briefs in which they present arguments regarding the appealability of the June 28, 2019 order.

Initially, we must determine the appealability of the order before us because "[t]he appealability of an order goes directly to the jurisdiction of the [c]ourt asked to review the order." N.A.M. v. M.P.W., 168 A.3d 256, 260 (Pa.Super. 2017) (citation omitted). Our standard of review is de novo, and our scope of review is plenary. Paluti v. Cumberland Coal LP, 122 A.3d 418, 423 (Pa.Super. 2015) (citation omitted).

This court

> may reach the merits of an appeal taken from "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order [appealable] as of right (Pa.R.A.P. 311); (3) an interlocutory order [appealable] by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)."

Commerce Bank/Harrisburg, N.A. v. Kessler, 46 A.3d 724, 728 (Pa.Super. 2012) (brackets and parentheticals in original), quoting Stahl v. Redcay, 897 A.2d 478, 485 (Pa.Super. 2006).

Here, neither party maintains that the June 28, 2019 order was an interlocutory order appealable as of right. We nevertheless note that the June 28, 2019 order would not qualify as an interlocutory order appealable as of right because it does not fall within any of the enumerated categories of orders listed in Pa.R.A.P. 311(a).[4] Additionally, the record reflects that PennEnergy did not seek permission to file an interlocutory appeal pursuant to Pa.R.A.P. 1311.

MDS argues that the June 28, 2019 order is a final order because it struck PennEnergy's petition to vacate the arbitration order. (MDS's brief at 8, 11, 15; citing United Parcel Service v. Hohider, 954 A.2d 13, 16 (Pa.Super. 2008) (concluding that order granting motion to strike judgment that ends litigation is final order because it disposed of all parties and claims).) The trial court's order, however, is not a final order because it neither

---

[4] In its brief, PennEnergy states that the June 28, 2019 order might qualify as "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8). (PennEnergy's brief at 27 n.6.) PennEnergy cites to 42 Pa.C.S.A. § 7320(a) of the Uniform Arbitration Act, listing the types of orders that may be appealed. (PennEnergy's brief at 27 n.6.) The June 28, 2019 order fails to qualify as an appealable order under that statute because it is not a court order that denies an application to compel arbitration, grants an application to stay arbitration, confirms or denies confirmation of an award, modifies or corrects an award, vacates an award without directing a rehearing, or is a final judgment or decree of a court.

"dispose[d] of all [the] claims and of all parties," nor was "[it] entered as a final order pursuant to [Rule 341(c)]." See Pa.R.A.P. 341(b). Although the order granted MDS's motion to strike, it clearly ordered PennEnergy to file an amended petition to vacate arbitration award. "By granting a party leave to amend, the trial court has not finally disposed of the parties or their claims." Mier v. Stewart, 683 A.2d 930 (Pa.Super. 1996). Therefore, we find the trial court's order was not a final order.

With respect to PennEnergy, we note that in response to this court's rule to show cause why its appeal should not be quashed, PennEnergy asserted that "its notice of appeal should be quashed and the matter should be returned to the lower court with the direction to deny [MDS's] motion to strike and consider the merits of the [a]mended [a]pplication." (PennEnergy's letter in response to rule to show cause, 8/20/19 at 4.) In its brief, however, PennEnergy contends that the trial court's June 28, 2019 order is a collateral order. (PennEnergy's brief at 23, 32-36.) PennEnergy now argues that the trial court's order is appealable as a collateral order because both the order and PennEnergy's amended petition were filed outside of the 30-day time limitation for filing petitions to vacate, effectively putting it out of court. (PennEnergy's brief at 36; see also 42 Pa.C.S.A. § 7314(b) (setting forth 30-day time limit for filing application to vacate arbitration award).)

> A collateral order is an order [1] separable from and collateral to the main cause of action[, 2] where the right involved is too important to be denied review and [3] the question presented is such that if review is

> postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b). This court has "consistently stated that all three elements set forth in the definition of a collateral order must be present." Am. Indep. Ins. Co. v. E.S. ex rel. Crespo, 809 A.2d 388, 391 (Pa.Super. 2002).

> Furthermore, [t]he collateral order doctrine must be construed narrowly in order to protect the integrity of the fundamental legal principle that only final orders may be appealed. To hold otherwise would allow the collateral order doctrine to swallow up the final order rule, [] causing litigation to be interrupted and delayed by piecemeal review of trial court decisions.

Id. (quotation marks omitted).

"With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it can be resolved without an analysis of the merits of the underlying dispute and if it is entirely distinct from the underlying issue in the case." Shearer v. Hafer, 177 A.3d 850, 858 (Pa. 2018) (citation and internal quotation marks omitted). Here, the issue of whether the trial court erred when it entered its order striking PennEnergy's petition to vacate arbitration award and granting leave to amend is separate and distinct from the merits of PennEnergy's petition. Therefore, PennEnergy satisfies the first prong of the collateral order doctrine.

With respect to the second prong of the collateral order doctrine, the importance prong, "a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. Further, the rights involved must

implicate interests deeply rooted in public policy and go[] beyond the particular litigation at hand." Id. at 858-859 (citations, brackets, and internal quotation marks omitted).

Here, PennEnergy claims that the order involves rights too important to be denied review. Specifically, PennEnergy asserts that

> this issue involves rights deeply rooted in public policy going beyond the particular litigation at hand as it involves the larger question of what particular procedural rules apply to PUAA[5] applications that are filed in counties, like Allegheny County, which have not enacted a Local Rule 206.1(a) rule or otherwise designated PUAA applications as "petitions" governed by Pennsylvania Rules of Civil Procedure 206.1 through 206.7.

PennEnergy's brief at 35-36. PennEnergy, however, fails to explain what right has been violated and how the issue of whether a notice of presentment is a requirement for a petition to vacate an arbitration award in Allegheny County is an issue too important to be denied review. Contrast, e.g., Melvin v. Doe, 836 A.2d 42, 50 (Pa. 2003) (holding right to free speech deeply rooted in public policy and too important to deny review); Reed Road Assoc. v. Campbell, 582 A.2d 1373, 1374-1375 (Pa.Super. 1990) (finding irreparable loss of property right is significant right).

Furthermore, Section 7317 of the PUAA provides that applications to vacate arbitration awards "shall be by petition and shall be heard in the manner and upon notice provided or prescribed by law for the making and

---

[5] Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 et seq.

hearings of petitions in civil matters." 42 Pa.C.S.A. § 7317;[6] see also MGA Ins. Co. v. Bakos, 699 A.2d 751, 754 n.8 (Pa.Super 1997) (citation omitted). We, therefore, find that the issue raised by PennEnergy fails to satisfy the second prong of the collateral order doctrine.

Finally, with respect to the third prong, PennEnergy asserts that

> this issue is such that if review is postponed until after a final judgment is entered in the case, PennEnergy's claimed right under the PUAA to file the [i]nitial [a]pplication without a [Pa.R.Civ.P.] 206.5 presentment notice will be irreparably lost because all further proceedings will be premised on the [a]mended [a]pplication, not the [i]nitial [a]pplication.

PennEnergy's brief at 36. Here, however, if review is postponed until final judgment, PennEnergy's claim will not be irreparably lost. To the contrary, the trial court's June 28, 2019 order was entered without prejudice to PennEnergy's right to continue the litigation, as evidenced by its ordering PennEnergy to file an amended petition. (Trial court order, 6/28/19.)

The record reflects that PennEnergy filed an amended petition the same day the order was entered, MDS presented a second motion to strike, and the matter was taken under advisement. (PennEnergy's response to this court's rule to show cause, 8/20/19 at 3; Exhibit 2.) Therefore, this matter is ongoing. Indeed, the trial court opined as to the ongoing nature of the underlying litigation as follows:

---

[6] This section is applicable to both statutory and common law arbitrations. See 42 Pa.C.S.A. §§ 7302(a) and 7342(a).

> [M]uch is made of this [o]rder which, in fact, does not hurt MDS or any other party to this action. All it says is that the parties will go by a somewhat lengthier procedure to contest the award. Interest will continue to run and eventually there will be a resolution of this matter in front of a judge. Although the [o]rder may be thirty (30) days beyond the filing of the arbitration award, it can be easily treated as a nunc pro tunc [o]rder. There is no harm to any party involved. Accordingly, this [c]ourt respectfully requests the Superior Court to affirm the . . . Order of June 28, 2019, and simply remand this matter for further proceedings to this [c]ourt.

Trial court opinion, 9/10/19 at 2-3. The trial court's June 28, 2019 order, therefore, does not meet the third prong of the collateral order doctrine.

Thus, the practical effect of the order was not to preclude PennEnergy from presenting the merits of its claims to the court. See West v. West, 446 A.2d 1342, 1343 (Pa.Super. 1982) (holding that order appealable when practical effect is to preclude appellant from presenting merits of claim, thereby putting appellant out of court).

Appeal quashed.[7]

---

[7] Our disposition merely places the parties in the same position as existed prior to this appeal. Without jurisdiction, we cannot remand this case. The issue of the timeliness of appellant's amended petition should be decided by the trial court.

J. A02034/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2020